IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

FILED CLERKS OFFICE 2004 FEB 17 A 11:46 U.S. DISTRICT COURT DISTRICT OF MASS.

| | |
|---|---|
| Martha Kristian and James D. Masterman, Plaintiffs, v. Comcast Corporation and AT&T Broadband, Defendants. | No. 03CV12466EFH<br>The Honorable Edward F. Harrington |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ENTRY OF PRACTICE AND PROCEDURE ORDER NO. 1**

## I. INTRODUCTION

On December 8, 2003, Plaintiffs filed the underlying complaint in this action alleging that Defendants engaged in conduct violative of Sections 1 (market allocation) and 2 (monopolization and attempted monopolization) of the Sherman Act, 15 U.S.C. §§ 1 and 2. Plaintiffs seek to represent all cable television customers who subscribe or subscribed since December 8, 1999 to video programming services from Comcast in Comcast's Boston cluster. Another suit alleging violations of the antitrust laws by Comcast and AT&T Broadband had been filed in state court in Massachusetts (Middlesex County), but was recently removed by Comcast to this Court. Other suits alleging violations of the antitrust laws by Comcast were filed in the Northern District of Illinois, the Eastern District of Pennsylvania and in state court in Illinois (which Comcast has recently removed to federal court).[1] The same counsel in this case also represent the plaintiffs in those actions.

[1] Plaintiffs are currently reviewing Comcast's papers in each of the removed actions and its asserted bases for removal.

The purpose of proposed Practice and Procedure Order No. 1 is to implement an organized structure for plaintiffs' counsel by which to efficiently and cooperatively prosecute this complex matter. The leadership structure suggested here includes meaningful litigation roles for plaintiffs' counsel, while ensuring conservation of litigant resources and the smooth and efficient prosecution of the litigation by skilled and experienced counsel. The proposed order also provides for procedures regarding the service of papers; subsequently filed or transferred related actions; and appearances in this district.

Plaintiffs seek entry of Practice and Procedure Order No. 1 in order to have all plaintiffs' counsel organize themselves in a manner that will provide capable management and leadership of the prosecution of class members' claims. In addition, the order sets out various filing and related case procedures designed to expedite the case's progress. Those goals are served by Practice and Procedure Order No. 1.

After discussions between Plaintiff's counsel and Defendants' counsel regarding the proposed Order, Defendants have not consented to entry of the Order.

## II. ARGUMENT

### A. <u>Organization of Plaintiffs' Counsel</u>

The proposed Practice and Procedure Order No. 1 would further the goals of the plaintiff class. The leadership structure will minimize duplication of effort, provide a unified voice of authority for the class and other plaintiffs, and, at the same time, through its use of an Executive Committee, guarantee the exchange of ideas and opinions of skilled complex litigation and class action practitioners as to the best possible course of action for the plaintiff class.

The leading authorities on class actions recommend that courts organize the prosecution of consolidated actions as soon as possible. For example, <u>Newberg</u> advises courts to select Lead Counsel and Liaison Counsel, and to define their responsibilities, at an early stage:

> To assure maximum benefits for the parties and the court, it is now almost standard practice for the court to issue an order at an early stage, defining the responsibilities of liaison and lead counsel and the organization of plaintiffs' attorneys.

H. Newberg & A. Conte, Newberg on Class Actions, §9.35 at 9-99 (3d ed. 1992); see also Manual for Complex Litigation, 3d, § 20.221 (1995) ("MCL 3d") (advising courts to appoint plaintiffs' counsel early in the litigation to "avoid unnecessary costs and duplicative activity").

Plaintiffs request that the Court appoint two firms with the responsibility to coordinate the prosecution of these cases as Plaintiffs' Co-Lead Counsel and, pursuant to Rule 26(g)(2)(A) of the Federal Rules of Civil Procedure, to serve as interim counsel on behalf of the putative class before the Court determines whether to certify the action as a class action: Heins Mills & Olson, P.L.C. and Susman Godfrey LLP. Both firms have extensive experience in class actions generally, have served in leadership roles in a number of complex matters throughout the United States, and their experience will lend to these cases the efficient management and oversight necessary to prosecute this complex litigation. See resumes of proposed Plaintiffs' Co-Lead Counsel, Declaration of John Peter Zavaz, Exs. A and B. Heins Mills & Olson and Susman and Godfrey can also fulfill the role of liaison counsel.

Heins Mills & Olson, P.L.C. has a national practice in the field of complex class litigation. The dominant part of the firm's work is the representation of plaintiffs and plaintiff classes in a variety of class actions, mainly in the areas of antitrust violations, securities fraud, and deceptive trade practices and consumer fraud. Its partners collectively have more than 100 years of experience in complex litigation and have successfully prosecuted over 100 class actions, including serving as Lead or Co-Lead Counsel for plaintiffs in several pending nationwide antitrust, securities and consumer protection class actions. Some of these cases include In re AOL Time Warner, Inc. Securities Litigation (S.D.N.Y.), In re Broadcom Securities Litigation (C.D. Cal.) and In re Polyester Staple Antitrust

Litigation (W.D.N.C.).

Susman Godfrey L.L.P. has handled dozens of complex class action cases throughout the United States since its founding in 1980. The 55 lawyers practicing in its Dallas, Houston, Los Angeles, and Seattle offices have recovered more than $2 billion in verdicts for their clients. The firm currently serves as co-lead counsel for nationwide plaintiff classes in several cases, including In re Vitamins Antitrust Litigation (D.D.C.), In re Alcatel Securities Litigation (E.D. Tex.), Reagor v. Equinox International (D. Nev.), and In re Anicom Inc. Securities Litigation (N.D. Ill.). Settlements that Susman Godfrey lawyers have negotiated on behalf of plaintiff classes in the past two years have exceeded $1 billion. Current clients include Cisco Systems, Trammell Crow Company, Hertz Corporation, Northwest Airlines and Universal Studios.

Both firms currently serve as co-lead counsel in In re Universal Service Fund Telephone Billing Practices Litigation, No. 02-MDL-1468 (D. Kan.). Both firms have worked together extensively in the pre-litigation investigative stage of this matter by conducting substantial research and working with experts over the course of several months.

As Plaintiffs' Co-Lead Counsel and interim counsel, Heins Mills & Olson and Susman Godfrey would: organize and supervise the efforts of plaintiffs' counsel to assure that the pretrial and trial preparation for the plaintiffs is conducted effectively, efficiently, expeditiously, and economically; delegate work responsibilities, including discovery, briefing and trial preparation, and monitor the activities of plaintiffs' counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided; speak for the plaintiffs at all Court conferences; initiate and conduct discussions and negotiations with counsel for defendants on all matters, including settlement; consult with and employ experts, as necessary; coordinate the administrative details of these cases; and

otherwise serve as Co-Lead Counsel and, pursuant to Rule 26(g)(2)(A), interim counsel on behalf of the putative class. See proposed Practice and Procedure Order No. 1 at ¶ 1.[2]

The Co-Lead Counsel will ensure the exchange of ideas by practitioners skilled and experienced in class actions, and guarantee coordination in discovery from the defendants and third parties. Sharing the lead counsel position by multiple firms is contemplated by noted authorities on class actions. See MCL 3d at § 22.221 (noting that the lead counsel function may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments); see also Newberg on Class Actions, § 9.35 at 9-99.

These firms have coordinated their efforts, and the efforts of the larger plaintiffs' group, in the time leading up to the filing of this case. These firms have also worked jointly with consulting economists to develop the legal and factual underpinnings of this litigation. They have directed the research of the plaintiffs' group on relevant issues. In addition, these firms have worked cooperatively in the past on complex litigation. This history of cooperation and efficiency lends itself to unity of direction necessary to efficiently prosecute this litigation

Plaintiffs also seek the appointment of an Executive Committee of plaintiffs' counsel. Given the fact that multiple cases are pending around the country and the complexity of the issues involved, early coordination of this case is essential. Accordingly, plaintiffs believe that appointment of an Executive Committee of a limited number of plaintiffs' firms, with the efforts of the Executive Committee led by the Co-Lead Counsel, will best accomplish the goals of consistency, economy and efficiency. The firms, Kaplan Fox & Kilsheimer LLP; Keller Rohrback, LLP, and Cohen Milstein Hausfeld & Toll, P.L.L.C., all have extensive class action experience, and have agreed to serve on the Executive Committee and to commit substantial resources to the prosecution of this litigation.

---

[2] The duties and responsibilities of Co-Lead Counsel in this proposed Practice and Procedure Order No. 1 are substantially similar to the model orders in the MCL 3d at §§ 41.31 and 41.32.

**B. Service of Papers**

The Proposed Order sets out procedures for the service of papers in the case that will ensure efficiency and uniformity.

**C. Subsequently Filed or Transferred Related Actions**

In the event that additional complaints like this one are filed in this District or in other Districts around the country and are subsequently transferred to this Court, the Order provides for a mechanism by which all cases can be consolidated before this Court to avoid non-duplicative efforts on behalf of the parties and their counsel. In addition, the Order ensures that this Court will be advised of any attempts by any parties in this or any other action to settle the claims asserted in the complaint in this matter.

**D. Appearances**

Finally, the Order provides for the waiver of *pro hac vice* applications to help facilitate counsel's ability to appear before this Court.

## III. CONCLUSION

Because the Plaintiffs' Co-Lead Counsel and Executive Committee structure provides clear benefits to the management of this complex litigation, plaintiffs respectfully request entry of proposed Practice and Procedure Order No. 1.

DATED: February 13, 2004.

John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA 02114
Tel: (617) 367-1040
Fax: (617) 742-8280

Ann D. White
Carol A. Mager
MAGER WHITE & GOLDSTEIN, LLP
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Tel: (215) 481-0273
Fax: (215) 481-0271

Samuel D. Heins
Stacey L. Mills
Alan I. Gilbert
Daniel C. Hedlund
David Woodward
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 338-4605
Fax: (612) 338-4692

Barry Barnett
Max Tribble, Jr.
SUSMAN GODFREY LLP
901 Main Street, Suite 4100
Dallas, TX 75202
Tel: (214) 754-1900
Fax: (214) 754-1933

Jonathan Shaw
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3100
Seattle, WA 98101
Tel: (206) 516-3836
Fax: (206) 516-3883

Robert N. Kaplan
Gregory K. Arenson
Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

Lynn Lincoln Sarko
Mark A. Griffin
John H. Bright
Raymond J. Farrow
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

Michael Hausfeld
Stewart Weltman
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

**Counsel for Plaintiffs**

**CERTIFICATE OF SERVICE**

**I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail ~~(by hand)~~ on this date 2/13/04**

[signature]