CASE NO. 03C 9931

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

| | |
|---|---|
| MARTHA KRISTIAN and <br> JAMES MASTERMAN, <br>     Plaintiff, <br><br> vs. <br><br> COMCAST CORPORATION, <br><br>     Defendant. | Case No. 03CV12466EFH |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
### FOR ENTRY OF PRACTICE AND PROCEDURE ORDER NO. 1

Defendant Comcast Corporation hereby opposes Plaintiffs' Motion for Entry of Practice and Procedure Order No. 1 ("Plaintiffs' Motion") as premature. Through their proposed order, Plaintiffs' counsel asks this Court to designate interim class counsel, co-lead counsel, and an executive committee of plaintiffs' counsel exclusively from among their ranks. The effect, however, will be to limit this Court's ability to protect the interests of the putative class, curtail the likelihood of settlement of the action, and interfere with Comcast's ability to serve its customers and defend against this and the other, virtually identical, action filed by Plaintiffs' counsel. For these reasons, Comcast asks this Court to deny Plaintiffs' Motion, or, in the alternative, to delay consideration of Plaintiffs' Motion pending the Court's ruling on class certification.

*The Proposed Order Is Premature*

1

This case is one of three virtually identical actions filed in federal and state courts in Massachusetts and Pennsylvania by the same Plaintiffs' counsel.[1] These are the only three actions presently pending against Comcast with respect to this subject matter. Comcast is not required to answer or otherwise plead in any of these actions until March 12, 2004, and has not yet moved to have this or any of the actions transferred by the judicial panel on multi-district litigation for coordinated or consolidated pretrial proceedings.

Through their proposed order, Plaintiffs' counsel asks this Court to designate interim class counsel, co-lead counsel, and an executive committee of plaintiffs' counsel exclusively from among their ranks. Plaintiffs cite to *Newberg on Class Actions* and the *Manual for Complex Litigation* to support their contention that "[t]he leading authorities on class actions recommend that courts organize the prosecution of consolidated actions as soon as possible." Plaintiffs' Mem., at 2-3. However, the passages cited by Plaintiffs' counsel in support of this proposition arise in the context of a discussion of actions "involv[ing] numerous parties with common or similar interests but separate counsel." *Manual for Complex Litigation* §20.22 (3d ed. 1995); *Newberg on Class Actions* §9:35 n. 13 (*citing Manual for Complex Litigation* §20.22 for the proposition quoted by Plaintiffs' counsel) (4th ed 2002). That is not the situation presented by this action, or even by the three presently-pending actions.

The putative class-plaintiffs do not constitute "numerous parties" represented by "separate counsel." As mentioned above, but for local counsel engaged in each jurisdiction, Plaintiffs' counsel in the three presently-pending actions are *exactly* the same. The actions

---

[1] After filing their Motion for Entry of Practice and Procedure Order No. 1, on February 20, 2004 Plaintiffs' Counsel voluntarily dismissed the two Illinois actions referenced in the memorandum filed in support of this motion. *See* Plaintiffs' Mem. at 1. Those two actions, along with the three pending actions in Massachusetts and Pennsylvania, were initiated by exactly the same Plaintiffs' counsel, with the exception of one firm signing-on as local counsel in each case.

2

pending before this Court involve only one putative class represented by Plaintiffs' counsel, and the action pending before the United States District Court for the Eastern District of Pennsylvania involves two putative sub-classes asserting the same basic claims as those asserted before this court.[2] Appointment of "lead" counsel or an "executive committee of plaintiffs' counsel" is unnecessary in such circumstances. Indeed, Plaintiffs' counsel have demonstrated their ability to coordinate their own efforts without judicial intervention by, *inter alia*, maintaining three virtually identical actions against Comcast, and agreeing on a structure for their own internal organization and interaction as reflected in the proposed Procedural Order No. 1 that is the subject of Plaintiffs' Motion. In this regard, the section of the *Manual for Complex Litigation* cited by Plaintiffs' counsel states: "[i]n some cases the attorneys coordinate their activities without the court's assistance to eliminate duplication of effort, and they should be encouraged to do so." *Id.* at § 20.22.

Furthermore, with respect to "executive committees of plaintiffs' counsel" the *Manual for Complex Litigation* observes that "[b]ecause the appointment of committees of counsel can lead to substantially increased costs, they should not be made unless needed; a need is most likely to exist in cases in which the interests and positions of group members are sufficiently dissimilar to justify giving them representation in decision making." Section 20.221. That is clearly not the case here, and Plaintiffs' counsel's request for appointment of co-lead counsel and an executive committee of plaintiffs' counsel should be denied.

---

[2] As discussed above, on February 20, 2004, Plaintiffs voluntarily dismissed the actions originally brought in Illinois. On that same date, Plaintiffs amended their Pennsylvania Complaint to include allegations on behalf of the same putative class of plaintiffs they originally sought to represent in these Illinois actions, in addition to the putative class of plaintiffs they originally sought to represent in the Pennsylvania action.

With respect to the request that Plaintiffs' counsel be appointed "interim counsel," the newly promulgated Rule 23(g) of the Federal Rules of Civil Procedure indicates that the appointment of interim counsel is merely permissive, and the Advisory Committee Note indicates that such appointment is not typical. Amended Rule 23(c)(1)(B), which became effective December 1, 2003, contemplates appointment of class counsel upon issuance of an order certifying a class action. Rule 23(g)(2)(A), also effective as of December 1, 2003, provides that a court "*may* designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A) (*emphasis added*). However, the Advisory Committee's Note to Rule 23(g)(2)(A) indicates that the appointment of interim counsel is not typical, but may be appropriate where there is disagreement among the various plaintiffs' counsel: "Ordinarily, [pre-certification matters are] handled by the lawyer who filed the action. In some cases, however, *there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate.*" Fed. R. Civ. P. 23(g)(2)(A) advisory committee's note (*emphasis added*). As discussed above, there is no apparent rivalry or uncertainty among Plaintiffs' counsel in this action that would necessitate appointment of interim counsel. As such, the request that Plaintiffs' counsel be appointed interim counsel should be denied as well.

### *The Proposed Order Is Prejudicial*

Clearly, granting Plaintiffs' counsel the relief they seek would be entirely premature. It would also be prejudicial to the interests of both the putative class and Comcast. First, it is possible that the maintenance of the three actions against Comcast will spawn so-called copycat actions by other firms before this Court or perhaps others, on behalf of different plaintiff groups. In such a circumstance, judicial coordination among various counsel for the plaintiffs may be

warranted. Through the proposed Procedural Order No. 1, however, Plaintiffs' counsel seek to beat other firms to the punch and lock-in their status as Court-designated counsel well-before other firms appear on the scene (and well before any such action is necessitated). This tactic, in and of itself, calls into question whether Plaintiffs' counsel genuinely have the best interests of the putative class in mind. *See Manual for Complex Litigation*, §20.233 ("Because of the stakes involved, competition for appointment is often intense, and judges need to be prepared to manage it appropriately. Appointment by the court will often be prized for the promise of large fees and a prominent role in the litigation.")

Second, paragraph 1(j) of the proposed Procedural Order No. 1 mandates that Plaintiffs' counsel be the "primary contact for all communications between plaintiffs and defendant." This could be read to interfere with Comcast's ability to provide quality cable service to its customers and to provide FCC-mandated notices to customers.

Third, the proposed Procedural Order No. 1 would require Comcast to "immediately advise" Plaintiffs' counsel of its intention to "commence any discussions of settlement of any claim brought in this action." Proposed Procedural Order, ¶ 9. As the proposed Procedural Order No. 1 provides for automatic consolidation of subsequently filed actions, these provisions, taken together, would make it impossible for Comcast to enter into even preliminary talks with plaintiffs that file an action subsequent to entry of the proposed order and before class certification is considered, thereby empowering Plaintiff's counsel effectively to sabotage legitimate efforts to resolve this matter promptly through settlement.

Finally, with respect to service of papers (paragraph 4), Comcast suggests that such issues are best considered in the context of the Initial Scheduling Conference to be held on March 30, 2004. In the alternative, Comcast would propose that given the geographic

distribution of the various counsel, service of pleadings and other papers by any party by electronic mail would be less expensive and more timely than overnight delivery as proposed.

For the foregoing reasons, Comcast respectfully requests that this Court deny Plaintiffs' Motion for Entry of Practice and Procedure Order No. 1.

DATED this 27th day of February, 2004.

Respectfully submitted,

*/s/ Mark A. Berthiaume*

Mark A. Berthiaume/B.B.O. No. 041715
Christopher Robertson/B.B.O. No. 642094
**Seyfarth Shaw, LLP**
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: 617-946-4990
Facsimile: 617-946-4801 (fax)

Christopher M. Curran
Jaime A. Bianchi
George L. Paul
**WHITE & CASE LLP**
601 Thirteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

6

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he has caused to be served a copy of **Defendant Comcast Corporation's Opposition to Plaintiffs' Motion for Entry of Practice and Procedure Order No. 1** upon the parties listed on the attached Service List via U.S. Mail on the 27th day of February, 2004.

_____
Mark A. Berthiaume

## SERVICE LIST

| | |
|---|---|
| John Peter Zavez, Esq.<br>Noah Rosmarin, Esq.<br>ADKINS, KELSTON & ZAVEZ, P.C.<br>90 Canal Street<br>Boston, MA 02114<br>Telephone: (617) 637-1040<br>Facsimile: (617) 742-8280 | Ann D. White, Esq.<br>Carol A. Mager, Esq.<br>MAGER WHITE & GOLDSTEIN, LLP<br>One Pitcairn Place, Suite 2400<br>165 Township Line Road<br>Jenkintown, PA 19046<br>Telephone: (215) 481-0273<br>Facsimile: (215) 481-0271 |
| Samuel D. Heins, Esq.<br>Stacey L. Mills, Esq.<br>Alan I. Gilbert, Esq.<br>Daniel C. Hedlund, Esq.<br>David Woodward, Esq.<br>HEINS MILLS & OLSON, P.L.C.<br>3550 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 338-4605<br>Facsimile: (612) 338-4692 | Barry Barnett, Esq.<br>Max Tribble, Jr., Esq.<br>SUSMAN GODFREY LLP<br>901 Main Street, Suite 4100<br>Dallas, TX 75202<br>Telephone: (214) 754-1900<br>Facsimile: (214) 754-1933 |
| Jonathan Shaw, Esq.<br>SUSMAN GODFREY LLP<br>1201 Third Avenue, Suite 3100<br>Seattle, WA 98101<br>Telephone: (206) 516-3836<br>Facsimile: (206) 623-3384 | Robert N. Kaplan, Esq.<br>Gregory K. Arenson, Esq.<br>Christine M. Fox, Esq.<br>KAPLAN FOX & KILSHEIMER LLP<br>805 Third Avenue, 22nd Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Facsimile: (212) 687-7714 |
| Lynn Lincoln Sarko, Esq.<br>Mark A. Griffin, Esq.<br>John H. Bright, Esq.<br>Raymond J. Farrow, Esq.<br>KELLER ROHRBACK, L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Telephone: (206) 623-1900<br>Facsimile: (206) 623-3384 | Michael Hausfeld, Esq.<br>Stewart Weltman, Esq.<br>COHEN, MILSTEIN, HAUSFELD<br>& TOLL, P.L.L.C.<br>1100 New York Avenue, N.W.<br>Suite 500 West Tower<br>Washington, DC 20005<br>Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699 |

BO1 15626256.1