IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

Martha Kristian and James D. Masterman,   )
                                          )        No. 03CV12466 EFH
            Plaintiffs,                   )        The Honorable Edward F. Harrington
                                          )
       v.                                 )
                                          )
Comcast Corporation, Comcast Holdings     )
Corporation, Comcast Cable                )
Communications, Inc., Comcast Cable       )
Communications Holdings, Inc., Comcast    )
Cable Holdings, LLC, and Comcast          )
MO Group, Inc.,                           )
                                          )
            Defendants.                   )
                                          )

## LOCAL RULE 16.1 STATEMENT

This statement is submitted pursuant to Local Rule 16.1.  A Scheduling Conference will be held

in this case on March 30, 2004 at 2:00 p.m.[1]  The parties, by their respective counsel, have conferred

by telephone as required by Fed. R. Civ. P. 26(f), including on January 26, January 28, February 11,

2004, and March 22, 2004, but have been unable to resolve their differences.  The parties agree that

threshold issues regarding discovery need to be resolved before the terms of the scheduling order can

be determined.  The parties unfortunately have been unable to agree upon a joint discovery plan or a

proposed scheduling order.  Accordingly, the parties have provided below a summary of legal authority

in support of their respective positions.[2]

## PARTIES' POSITIONS ON DISCOVERY

Plaintiffs' position.  Plaintiffs propose that the period for all discovery begin immediately after

---

[1] The Scheduling Conference also involves the case of *Rogers v. Comcast Corp.*, No. 04-10142 EFH, which is the subject of Plaintiffs' motion to remand to Massachusetts State Court.  The Scheduling Order issues referenced in this Rule 16.1 Statement also apply to the *Rogers* case.

the Scheduling Conference, with no stay of discovery and no bifurcation of merits and class discovery.

An immediate stay of discovery will not facilitate the "just, speedy and inexpensive determination" of this litigation and will unnecessarily prolong the discovery process in this matter. *See* Fed. R. Civ. P. 1. Under Plaintiffs' proposed plan, all merits and class discovery will be completed in nine (9) months. In contrast, Defendants' proposal would prolong merits and class discovery for years.

In order to promote the swift and efficient resolution of cases, courts disfavor stays of discovery even when a pending motion could be dispositive of the case. *See, e.g., Serv. Employees Int'l Union v. Local*, 70 F.3d 647, 655 (1st Cir. 1995) (upholding lower court's denial of motion to stay discovery "in the interests of dealing with matters before it in a timely manner"); *In re Lotus Development Corp. Sec. Litig.*, 875 F. Supp. 48, 53 (D.Mass. 1995) (denying stay of discovery pending decision on motion to dismiss); *Kleinerman v. U.S. Postal Service*, 100 F.R.D. 66, 68-69 (D.Mass.1983) (denying motion to stay pending ruling on motion to dismiss); *Greenfield v. Shuck*, 867 F.Supp.62, 64 (D. Mass. 1994) (discussing its decision to deny motion to stay pending resolution of motion to dismiss). *Horwitz, Schakner & Associates, Inc. v. Soleski*, No. 87C9789, 1989 WL 96511 at *2 (N.D. Ill. Aug. 11, 1989) (noting that court previously denied motion to stay discovery pending decision on motion to compel arbitration).

This case is no different. It is unnecessary to interfere with the conventional discovery process on mere speculation that Defendants' motion could be granted. Such an approach to discovery would present the real potential that an already lengthy discovery process would be unnecessarily prolonged.

The Federal Arbitration Act cited by Defendants actually supports Plaintiffs' position. It states that courts should "stay the trial of the action" until arbitration has been completed, "*upon being*

---

[2] This overview of legal authority is not intended to be a formal briefing of the discovery issues. The parties reserve the right to file formal briefing on the discovery issues as the Court finds appropriate.

*satisfied that the issue involved in such suit or proceeding is referable to arbitration.*" 9 U.S.C. § 3 (emphasis added). Significantly, the Federal Arbitration Act only requires a stay once the court has made an affirmative determination that arbitration is appropriate, not when a motion to compel arbitration is simply pending before the court.

Similarly misplaced is Defendants' reliance on *Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613, 613 (1ˢᵗ Cir. 1959), which addresses a stay of discovery pending an *appeal of an order staying an arbitration*, not a situation like that involved here where the Court has merely pending before it a motion to compel arbitration. The *Thomas O'Connor & Company, Inc., v. Insurance Company of North America*, 697 F.Supp. 563 (D. Mass. 1988), decision cited by Defendants is also inapposite because that case dealt with a request for discovery on substantive issues already subject to arbitration. *See id.* at 566-67 (finding "[d]iscovery under direction of the court, rather than under control of the arbitrator, is improper where the court has ordered the parties to arbitrate their dispute …").

At a minimum, Plaintiffs should be allowed to conduct discovery related to Defendants' pending motion to compel arbitration which includes factual matter outside the pleadings. Federal courts, including those within the First Circuit, recognize that such discovery is appropriate prior to a court's ruling on a party's motion to compel arbitration. *See Rankin v. Allstate Ins. Co.*, 336 F.3d 8, 13 (1st Cir. 2003) (stating that arbitration-related discovery "could narrow the arbitrable issues or even produce a settlement, and arbitration as to value might make no sense until after discovery …"); *MCI Telecomm. Corp. v. Matrix. Communications Corp.*, 171 F.R.D. 7, 9 (D. Mass. 1997) (referring to party's ability to conduct discovery related to arbitration agreement prior to court's ruling on motion to compel arbitration); *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith*, 965 F. Supp. 190, 192 (D. Mass. 1997) (deferring motion to compel arbitration for further discovery).

3

Other courts have similarly allowed discovery of facts relating to a motion to compel arbitration. *See, e.g., Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002) (allowing plaintiff on remand the opportunity to prove through discovery that resort to arbitration would deny her a forum to vindicate her statutory rights); *Toppings v. Meritech Mortgage Services, Inc.*, 140 F. Supp. 2d 683, 685 (S.D. W. Va. 2001) ("In order to discharge its obligation to ensure there is a valid arbitration agreement, the Court agrees discovery is necessary ...."); *Berger v. Cantor Fitzgerald Securities*, 942 F. Supp. 963, 966 (S.D.N.Y. 1996) (allowing plaintiffs opposing arbitration to pursue discovery and reasoning "[d]iscovery is needed before defendants' motion may be decided, as it should help to clarify several disputed issues of fact that may or may not give rise to special circumstances rendering the ... arbitration agreement unenforceable ... Given the Supreme Court's statement in *Gilmer* that claims of special circumstances such as coercion, fraud, or unequal bargaining power are 'best left for resolution in specific cases,' 500 U.S. at 33, 111 S. Ct. at 1656, further development of the factual record is warranted."); *Wrightson v. ITT Fin. Services*, 617 So. 2d 334, 336 (Fla. Dist. Ct. App. 1993) (directing trial court to "allow discovery regarding motion to compel arbitration."); *Hayes v. County Bank*, 713 N.Y. S.2d 267, 270 (N.Y. Sup. Ct. 2000), *aff'd*, 728 N.Y. S.2d 709 (2001) (affording plaintiff opportunity to pursue arbitration discovery).

Plaintiffs contend that Defendants' motion to compel arbitration is without merit. Among other reasons, the arbitration clauses relied on by Defendants do not provide Plaintiffs with an effective opportunity to vindicate their statutory antitrust claims. *See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler Plymouth*, 473 U.S. 614, 637, 105 S. Ct. 3346, 3359 (1985) (indicating arbitration inappropriate if conditions of arbitration do not allow for effective vindication of "federal statutory rights."); *Green Tree Financial Corp. – Alabama v. Randolph*, 531 U.S. 79, 90, 121 S. Ct. 513, 522 (2000) (same). In addition, Plaintiffs have every right to conduct discovery regarding the factual

material relied on by Defendants in support of their motion including, for example, the arbitration agreements allegedly provided to Plaintiffs and the context in which they were allegedly received. Accordingly, Plaintiffs clearly are entitled to pursue discovery related to the motion to compel arbitration to develop a complete factual record on the matter.

Defendants' suggestion that "exceptional circumstances" must be shown to warrant any discovery, even discovery related to Defendant's motion to compel, is simply wrong and contrary to the many cases referred to above. The *Thomas O'Connor* case relied upon by Defendants for such a proposition is not applicable here. As discussed above, the *Thomas O'Connor* decision involved an entirely different situation where the court refused discovery with respect to a matter that was already a subject of arbitration. 697 F.Supp. at 567.

Also without merit is Defendants' assertion that merits and class discovery should be bifurcated. The courts have routinely rejected such a request recognizing the significant overlap in the two areas, the difficulties in trying to separate one from the other, and the inevitable waste of time and resources involved in disputing whether the discovery sought is merits or class discovery.

The *Manual for Complex Litigation* states that bifurcation of discovery:

> can result in duplication and unnecessary disputes among counsel over the scope of discovery ... discovery relating to class issues may overlap substantially with merits discovery. A key question in class certification may be the similarity or dissimilarity between the claims of the representative parties and those of the class members – an inquiry that may require discovery on the merits and development of basis issues.

*See Manual for Complex Litigation*, Third (1995), § 30.12.

Courts have similarly acknowledged these fundamental problems with bifurcated discovery in class actions. *See, e.g., In re Residential Doors Antitrust Litig.*, 900 F.Supp. 749, 757 (E.D. Pa. 1995) (denying motion to stay merits discovery where class and merits discovery were being conducted

simultaneously); *In re Gupta Securities Litig.*, Civ. No. 94-1517 FMS (FSL), 1994 WL 675209, at *4 (N.D. Cal. Sept. 24, 1994) (finding that bifurcating class certification discovery and merits discovery was "unworkable" because "class certification discovery and merit discovery are inextricably intermeshed."); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990) ("discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation"); *In re United Telecomm., Inc., Sec. Litig.*, No. 90-2251-O, 1991 WL 335820, at *2 (D. Kan. June 27, 1991) (denying motion to stay merits discovery and proceed only with class discovery). *See also In re Hamilton Bancorp, Inc.*, No. 01 CV0156, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002); *Blair v. Source One Mortgage Serv.*, No. 96-2497, 1997 WL 79289, at *2 (E.D. La. Feb. 24, 1997); *Hudson v. Delta Air Lines, Inc.*, 80 F.3d 451, 457 (11th Cir. 1996); *Bodner v. Paribas*, 202 F.R.D. 370, 373 – 374 (E.D.N.Y. 2000); *In re Polyester Staple Antitrust Litig.*, Civ. No. 3:03 CV 1516 (W.D.N.C. June 16, 2003) (pretrial case management and scheduling order).

For the above reasons, Plaintiffs request that discovery proceed in accordance with the applicable Federal Rules of Civil Procedure and the Court neither stay nor bifurcate discovery. At a minimum, the Court should allow Plaintiffs to immediately engage in discovery with respect to Defendants' motion to compel arbitration.

## PLAINTIFFS' PROPOSED SCHEDULING ORDER TIMETABLE

1.    Amendments to the pleadings and/or joinder of additional parties may be sought by appropriate motion by no later than 90 days prior to the deadline for completion of discovery.

2.    The parties shall make the initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than seven (7) days following the issuance of the Court's Scheduling Order.

3.    Immediately after the Scheduling Conference the parties may commence merits and

6

class discovery and Plaintiffs may conduct discovery related to Defendants' motion to compel arbitration.

4.      Plaintiffs shall file their papers in opposition to Defendants' Motion To Compel Arbitration by June 30, 2004, or within fifteen (15) days after any disputes regarding Plaintiffs' arbitration-related discovery are resolved, whichever is later.

5.      Class and merits discovery shall be completed 270 days after commencement.

6.      The cut-off date for designation of Plaintiffs' and Defendants' trial experts as provided in Fed. R .Civ. P. 26(a)(2) is forty-five (45) days after the close of discovery.  Unless otherwise stipulated, disclosure of experts will include a report fully in compliance with Rule 26(a)(2)(B).  Any motion challenging the qualifications of a designated expert must be made within twenty-one (21) days after the report is filed or the deposition of the expert, whichever is later.  If no motion is filed, such challenges will be deemed to be waived.

7.      The deadline for conducting depositions of experts shall be thirty (30) days after the filing of the expert's report.

8.      The deadline for service of any rebuttal expert reports shall be thirty (30) days later and depositions with respect to any such rebuttal report shall be conducted by twenty-one (21) days thereafter.

9.      Motion for class certification shall be filed within fifteen (15) days of the close of expert discovery, with opposition memoranda due thirty (30) days thereafter and reply memoranda due fifteen (15) days later.

10.      Motions for summary judgment or other dispositive motions will be filed thirty (30) days after close of expert discovery, with opposition memoranda due thirty (30) days thereafter and reply memoranda due fifteen (15) days later.

7

11.    The case shall be ready for jury trial ninety (90) days from the close of expert discovery.

Defendants' position

## I.    Proposed Timetable for Resolution of Defendants' Motion to Compel Arbitration

As discussed below, absent a showing by Plaintiffs of an exceptional need to take discovery related to the issues before the Court on Defendants' Motion to Compel Arbitration, all discovery should be stayed pending final resolution of that Motion.    In this regard, Defendants propose the following briefing schedule:

1.    Motion to Compel Arbitration filed March 12, 2004.

2.    Plaintiffs' Opposition to be filed 60 days from the date of the Scheduling Conference.

3.    Defendants' Reply to be filed 30 days later.

If the Court declines to compel arbitration, class and merits discovery should proceed on a bifurcated basis in furtherance of the orderly and efficient resolution of the present dispute as outlined in Section II, below.

### A.    Discovery Should Be Stayed Pending Resolution Of Defendants' Motion To Compel Arbitration

Plaintiffs' proposal that the period for all discovery begin immediately after the Scheduling Conference defeats the purpose of arbitration and is contrary to controlling precedent.    It is the "general practice of district courts" to impose a stay of discovery while a motion to compel arbitration is pending. *Intertec v. Turner Steiner Int.'l*, S.A., No. 98 Civ. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001).[3]    This is consistent with the Federal Arbitration Act, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such

---

[3] *See also Hutchinson v. Farm Family Cas.*, No. 3:99CV 2584 (DJS), 2000 WL 435443 (D. Conn. Feb. 29, 2000) (Dkt. entry 12) (ordering "all discovery shall be stayed pending the Court's decision on defendant's motion to compel arbitration."); *Seltzer v. Klein*, No. 88-6737 (JBH), 1989 U.S. Dist. LEXIS 4270, at *5 (E.D. Pa. April 21, 1989) (staying discovery and quashing outstanding subpoenas pending resolution of motion to compel arbitration); *Design Benefit Plans, Inc. v. Enright*, 940 F. Supp. 200, 203 n. 3 (N.D. Ill. 1996) (granted motion to stay discovery "in the entire case" pending a ruling on motion to compel arbitration); It is well settled that "[i]n proceedings to compel arbitration, discovery delving into the merits of the grievance to be arbitrated is improper." *Econo-Car International, Inc. v. Antilles Car Rentals, Inc.*, 61 F.R.D. 8, 10 (D.VI 1973), *rev'd on other grounds* 499 F.2d 1391 (3d Cir. 1974).

arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

The First Circuit expressly considered this issue in *Lummus Co. v. Commonwealth Oil Refining Co.*, 273 F.2d 613, 613-614 (1st Cir. 1959), holding that discovery should not be allowed pending appeal of a District Court order staying arbitration:

> We do not rest this decision on the ground that proceeding with discovery may involve lost motion. Rather, we feel appellee makes no satisfactory answer to appellant's contention that a court order of discovery would be affirmatively inimical to appellee's obligation to arbitrate, if this court determines it to have such obligation. It seems clear that if arbitration is to be had of the entire dispute, appellee's right to discovery must be far more restricted than if the case remains in a federal court for plenary trial of the issue of fraud. . . . We cannot avoid the thought that the principal reason appellee has for not awaiting discovery until the decision of this court is the fear that that course will be unavailable if such ruling proves to be adverse. Until it is determined whether this action has been properly brought, appellee should not receive any unnecessary fruits thereof.

*Id.* The cases Plaintiffs cite in support of their assertion that "courts disfavor stays of discovery" do not arise in the context of a motion to compel arbitration and are, therefore, inapposite.

Permitting Plaintiffs to burden Defendants with broad-ranging merits discovery contrary to this general practice would subvert a primary purpose of the Federal Arbitration Act — holding parties to their agreements to arbitrate rather than to litigate matters. *See Thomas O'Connor & Company, Inc., v. Insurance Company Of North America*, 697 F. Supp. 563, 567 (D. Mass. 1988) (denying plaintiff's request for "limited discovery," notwithstanding stay of proceedings pending arbitration, as "allowing such discovery . . . even on a limited basis, would essentially provide the plaintiff with two forums to hear its single claim, and would thereby frustrate the purposes of the [Federal Arbitration] Act . . . .").

9

As Judge Posner has observed in a class action where defendants sought to compel arbitration, it "puts the cart before the horse" to proceed with merits discovery prior to determining whether the controversy should be submitted to arbitration. *See Cigna Health Care v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (criticizing trial court for allowing plaintiffs to conduct merits discovery while motion to arbitrate was pending). Therefore, this Court should stay discovery pending its ruling on Defendants' Motion to Compel Arbitration.

**B.      Discovery, If Any, Prior To Resolution Of Defendants' Motion To Compel Arbitration Should Be Limited To That Necessary For This Court To Resolve The Issues Presented By That Motion**

As this Court has held, "[i]t is well established that discovery regarding matters to be arbitrated is generally denied, absent exceptional circumstances." *Thomas O'Connor & Company, Inc.*, 697 F. Supp. at 567 (D. Mass. 1988), *citing Ferro Union Corp. v. S.S. Ionic Coast*, 43 F.R.D. 11 (S.D.Tex. 1967) (special circumstances established where foreign vessel was about to leave the country). The cases Plaintiffs' cite for the proposition that discovery may be taken with respect to factual issues raised by a motion to compel arbitration are in accord. That said, although Plaintiffs have the burden of establishing the existence of special circumstances necessitating discovery, *see id.*, they have not even attempted to do so. Indeed, what Plaintiffs propose is nine months of unfettered discovery on all matters potentially related to the case.[4] Discovery, to the extent it proceeds at all, should go no further than the issues presented by Defendants' Motion to Compel Arbitration and then only to the extent Plaintiffs demonstrate a particularized need for such discovery. Anything else is inconsistent with the

---

[4] Tellingly, in the parallel proceeding initiated by Plaintiffs' counsel in Pennsylvania, Plaintiffs have served Comcast with in excess of 75 sweeping Document Requests, including subparts, notwithstanding a Motion to Compel Arbitration filed by Comcast in that proceeding.

strong federal presumption in favor of arbitration. *See Lummus*, 273 F.2d at 614; *Thomas O'Connor & Company, Inc.*, 697 F. Supp. at 567; *see also* 9 U.S.C. § 3.

As discussed in greater detail in Defendants' Memorandum in Support of Their Motion to Compel Arbitration, the claims alleged by each of the named Plaintiffs in this action are subject to binding arbitration pursuant to the terms of their respective Subscriber Agreements. *See* Def's Mem. at 3-4, 9-13. Under Section 4 of the Federal Arbitration Act, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Again, Plaintiffs have challenged neither the making of the arbitration agreement nor their refusal to arbitrate, much less demonstrated an exceptional need to take discovery on these issues. Absent such a showing, this Court should stay all discovery pending resolution of Defendants' Motion to Compel Arbitration. Were Plaintiffs' to make such a showing, discovery should be limited to those issues.

Finally, Plaintiffs raise the issue of bifurcation of discovery. Recognizing that it is premature to be dealing with this issue, especially since the Court has to first grapple with arbitration, Defendants note that there is ample authority supporting bifurcation, *e.g., Washington v. Brown & Williams Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992), and the 2003 Advisory Committee Notes to Fed.R.Civ.P. 23, when discussing subdivision (c)(1)(A) support bifurcation of class and merits discovery. The Committee Notes provide:

> Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct *controlled discovery into the "merits," limited to those aspects relevant to making the certification decision on an informed basis.*

11

(emphasis added). *See also* 7B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1796.1 (2d Ed. 2000) ("At least initially, this means that discovery should be limited to what is necessary for determining whether a proper class action exists.")  Therefore, the Advisory Committee Notes contemplate that any discovery leading to a certification hearing will be both "controlled" and "limited" to the issue as to whether or not certification is proper.

## II.   Proposed Timetable Absent Arbitration

In the event that Defendants' Motion to Compel Arbitration is denied, Defendants propose the following timetable for resolution of this dispute.

### A.   Motion to Dismiss

1.   Motion to Dismiss to be filed 60 days after ruling on any appeal of denial of Motion to Compel.

2.   Plaintiffs' Opposition to be filed 60 days later.

3.   Defendants' Reply to be filed 30 days later.

### B.   Motion for Class Certification and Class Discovery/Expert Reports and Depositions

4.   Class discovery to begin 10 days after ruling on any appeal of denial of Motion to Compel.

5.   Class discovery to be completed 150 days after commencement.

6.   Plaintiffs' Motion for Class Certification due 30 days after completion of class discovery.

7.   Plaintiffs' Class Expert Report due 30 days after completion of class discovery (with Plaintiffs' Motion for Class Certification); deposition of such expert to follow.

8.   Defendants' Class Expert Report due 30 days after deposition of Plaintiffs' Class Expert; deposition of such expert to follow.

9.    Plaintiffs' Class Expert Rebuttal Report due 15 days after deposition of Defendants' Class Expert.

10.    Defendants' Opposition to Plaintiffs' Motion for Class Certification due 30 days after completion of Class Expert discovery.

11.    Plaintiffs' Reply due 30 days after Defendants' Opposition.

**C.    Non-expert Merits Discovery**

12.    To begin after final ruling on Plaintiffs' Motion for Class Certification.

13.    To be completed 150 days after commencement.

**D.    Merits/Damages Expert Reports and Depositions**

14.    Plaintiffs' Merits/Damages Expert Reports due 30 days after close of non-expert merits discovery; depositions of such experts to follow.

15.    Defendants' Merits/Damages Expert Reports due 60 days after Plaintiff Experts Depositions; depositions of such experts to follow.

16.    Plaintiffs' Merits/Damages Rebuttal Expert Reports due 30 days after Defendant Experts Depositions; depositions of such experts to follow.

**E.    Motions for Summary Judgment**

17.    Dispositive motion(s) to be filed 60 days after close of Merits/Damages Expert Discovery.

18.    Opposition brief(s) due 30 days after Motion(s) filed.

19.    Reply brief(s) due 30 days after Opposition brief(s) filed.

## AGENDA FOR SCHEDULING CONFERENCE

1.    Plaintiffs' Motion for Entry of Practice and Procedure Order No. 1.

2.    Discovery Issues.

13

3.    Scheduling Order.

4.    Plaintiffs' Motion to Remand <u>Rogers</u> case previously removed by Defendants from

Massachusetts State Court.


DATED: _____*March 26*_____, 2004.

*John Peter Zavez*

John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA  02114
Tel: (617) 367-1040
Fax:  (617) 742-8280


Samuel D. Heins
Stacey L. Mills
Alan I. Gilbert
Daniel C. Hedlund
David Woodward
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Tel:  (612) 338-4605
Fax:  (612) 338-4692


Barry Barnett
Max Tribble, Jr.
SUSMAN GODFREY LLP
901 Main Street, Suite 4100
Dallas, TX  75202
Tel:  (214) 754-1900
Fax:  (214) 754-1933


Jonathan Shaw
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3100
Seattle, WA  98101
Tel:  (206) 516-3836
Fax:  (206) 516-3883


Robert N. Kaplan
Gregory K. Arenson

14

Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY  10022
Tel:  (212) 687-1980
Fax:  (212) 687-7714

Lynn Lincoln Sarko
Mark A. Griffin
John H. Bright
Raymond J. Farrow
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Tel:  (206) 623-1900
Fax:  (206) 623-3384

Michael Hausfeld
Stewart Weltman
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Tel:  (202) 408-4600
Fax:  (202) 408-4699

Ann D. White
Carol A. Mager
MAGER WHITE & GOLDSTEIN, LLP
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA 19046
Tel:  (215) 481-0273
Fax:  (215) 481-0271

**Counsel for Plaintiffs**

DATED:  _____March 26_____, 2004.

_Mark A. Berthiaume / JPZ_
Mark A. Berthiaume
Christopher Robertson
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300

15

Boston, MA 02210
Tel: (617) 946-4800
Fax: (617) 946-4801

Christopher M. Curran
Jaime A. Bianchi
George L. Paul
WHITE & CASE LLP
601 Thirteenth Street, N.W.
Washington, DC 20005
Tel: (202) 626-3600
Fax: (202) 639-9355

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail (by hand) on this date 3/26/04
FAX

16