UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Boston)

| | |
|---|---|
| Jack Rogers and Paul Pinella, | Civil Action No.: 04-10142 EFH |
| Plaintiffs, | |
| v. | |
| Comcast Corporation and AT&T Broadband, | |
| Defendants. | |

## DECLARATION OF PAUL PINELLA IN SUPPORT OF CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, Paul Pinella, declare that the following is true and accurate and based upon my personal knowledge.

1. My name is Paul Pinella. I reside at 12 Blossom Hill Road, Winchester, Massachusetts. I am a plaintiff in this case.

2. I have been a customer of Comcast Corporation ("Comcast") and its previous companies, including AT&T Broadband ("AT&T"), MediaOne and Continental Cablevision, from at least 1991 to the present. Since that time, I have received cable video, including premium channels and high speed Internet services at my residence from Comcast, or its predecessor companies, including AT&T, MediaOne and Continental Cablevision.

3. I have reviewed my records concerning the cable services I have received over time at my residence. Attached as Exhibit 1 is true and accurate copy of a work order form of Continental Cablevision dated April 4, 1991, and signed by me, concerning the installation of cable services by Continental Cablevision. The reverse side of this

47351

work order form (page 2 of Exhibit 1) contains "CONTINENTAL CABLEVISION SERVICE AND EQUIPMENT AGREEMENT/TERMS AND CONDITIONS." This agreement does not contain an arbitration clause. Also, it does not have a provision stating that the cable company can change the terms of the agreement.

4. Attached as Exhibit 2 is a true and accurate copy of a MediaOne work order dated March 10, 1999 concerning services provided at my residence. The backside (page 2 of Exhibit 2) sets out the "MediaOne SERVICE AND EQUIPMENT AGREEMENT/TERMS AND CONDITIONS." There is no arbitration provision included in these terms and conditions. The only provision about changes in the terms and conditions is in paragraph 11, which refers to the "MediaOne current schedule of rates and charges" and says that the "schedule is subject to modification in accordance with State and Federal Law...."

5. Attached as Exhibit 3 is a true and accurate copy of a Work Order of AT&T Broadband dated November 6, 2002, which I signed. On the backside of this Work Order (page 2 of Exhibit 3) are "AT&T Broadband SERVICE AND EQUIPMENT AGREEMENT/TERMS AND CONDITIONS." These terms do not include an arbitration provision. The only part of the terms and conditions about changes is in paragraph 11, the same provision in the MediaOne terms and conditions (Exhibit 2).

6. I have never signed or been asked by Comcast or AT&T to sign, and I have never consented to, an arbitration agreement with Comcast, or its previous companies, AT&T, MediaOne or Continental Cablevision. In fact, I have no memory of ever receiving an arbitration agreement, any explanation or notice of an arbitration agreement, or any related documents from Comcast, AT&T or my previous cable

providers. During the time in which I have been a customer of Comcast or AT&T, or the previous cable companies, I have never been contacted by a Comcast or AT&T representative to explain or discuss the supposed arbitration agreement with me, the terms and meaning of the supposed agreement or otherwise had any dealings with Comcast or AT&T concerning the supposed arbitration agreement. I have not received any advance notice of 30 days or otherwise of any plan by Comcast to adopt an arbitration provision.

7. I have been informed that Comcast claims that it mailed to me a copy of its "Policies and Practices" in November or December 2003, but I have no memory of receiving it. Comcast has never asked me whether I received it, nor have I ever signed a document stating that I received or accepted or assented to Comcast's "Policies and Practices."

8. I have been informed that Comcast claims that AT&T mailed to me a copy of its "Policies and Practices" in November or December 2002, but I have no memory of receiving it. AT&T has never asked me whether I received it, nor have I ever signed a document stating that I received or accepted or assented to AT&T's "Policies and Practices."

9. During the time I have been a Comcast or AT&T customer, I have never knowingly (i) agreed to arbitrate any disputes I may have with Comcast or AT&T; (ii) waived my right to litigate any claims I may have against Comcast or AT&T in court; (iii) waived my right to a jury trial; (iv) waived my right to participate in a class action lawsuit against Comcast or AT&T; (v) limited any damage claim I may have against Comcast or AT&T to actual damages; (vi) waived my right to additional damages,

3

including punitive damages or other damages to which I may be entitled; (vii) agreed to shorten the time period in which I may bring a claim against Comcast or AT&T to one year rather than statutory time period for bringing a legal action (which I am informed is four years, for example, for an antitrust lawsuit); or (viii) agreed to limit my right to take discovery in any legal action I may be involved in against Comcast or AT&T. I would never expect, and would be surprised, to receive any document from Comcast or AT&T containing such restrictions on my rights and would reject it, and not waive my rights, if I had a choice. Any document waiving such rights would be beyond my expectations as a cable customer.

10. I have been informed that it would cost hundreds of thousands of dollars in expert witness fees alone, plus additional amounts including attorney fees, to bring the antitrust claims asserted in this case in an arbitration proceeding. Such expert witness fees alone, and when added to attorney fees, would clearly prevent me from pursuing my antitrust claims on an individual basis in arbitration. It would make no economic sense for me to bring such antitrust claims in an individual arbitration proceeding, especially in view of the fact that my potential recovery in damages may be only a portion of my monthly cable bill. It would be irrational for me to bring such antitrust claims in an individual (non-class action) basis, because the costs involved, including expert witness fees and attorney fees, would be far in excess of what I might recover in damages.

*Signed under the pains and penalties of perjury, this 30 day of June, 2004.*

_____
Paul Pinella

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 7/1/04

_____

4