IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

2004 JUL -1 P 6: 14

| | |
|---|---|
| Martha Kristian, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Comcast Corporation, *et al.* | No. 03CV12466 EFH <br> The Honorable Edward F. Harrington |

## DECLARATION OF MARTHA KRISTIAN IN SUPPORT OF CLASS PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, Martha Kristian, declare that the following is true and accurate and based upon my personal knowledge.

1.  My name is Martha Kristian and I am a plaintiff in this case. I reside at 165 Deerfield Lane, PO Box 710, Hanover, Massachusetts.

2.  I received cable services at a previous address in Whitman, Massachusetts, beginning in 1983. At my current residence, I have been a customer of Comcast Corporation ("Comcast") and its previous companies, including AT&T Broadband ("AT&T"), since approximately June 1999. Since that time, I have received cable video, including premium channels and high speed Internet services from Comcast or AT&T. To my knowledge, I did not have an arbitration clause as part of my cable services at my Whitman residence.

3.  I have not signed or assented to an arbitration agreement with Comcast or AT&T. To my knowledge, I have not received an arbitration agreement, any explanation, or advance or other notice of an arbitration agreement, or any related documents from Comcast or AT&T. During the time in which I have been a customer of Comcast or AT&T, I have never been contacted by a Comcast or AT&T representative to explain or discuss an arbitration agreement

47357

with me, the terms and meaning of any such agreement or otherwise had any dealings with Comcast or AT&T concerning an arbitration agreement.

4. I have been informed that Comcast claims that it mailed to me a copy of its "Policies and Practices" in November or December 2003, but I have no memory of receiving it. Comcast has never asked me whether I received it, nor can I remember ever having signed a document stating that I received or accepted or consented to Comcast's "Policies and Practices."

5. I have been informed that Comcast claims that AT&T mailed to me a copy of its "Policies and Practices" in November or December 2002, but I have no memory of receiving it. AT&T has never asked me whether I received it, nor can I remember ever having signed a document stating that I received, accepted or consented to AT&T's "Policies and Practices."

6. During the time I have been a Comcast or AT&T customer, I neither have nor would knowingly (i) agree to arbitrate any disputes I may have with Comcast or AT&T; (ii) waive my right to litigate any claims I may have against Comcast or AT&T in court; (iii) waive my right to a jury trial; (iv) waive my right to participate in a class action lawsuit against Comcast or AT&T; (v) limit any damage claim I may have against Comcast or AT&T to actual damages; (vi) waive my right to additional damages including, punitive damages or other damages to which I may be entitled; (vii) agree to shorten the time period in which I may bring a claim against Comcast or AT&T to one year rather than the time period allowed by law for bringing a legal action (which I am informed is four years, for example, for an antitrust lawsuit); and/or (viii) agree to limit my right to take discovery in any legal action I may be involved in against Comcast or AT&T. I would be surprised to receive any document from Comcast or AT&T with such limits on my rights. If I had a choice, I would reject any such document and would not waive my rights. Any document waiving such rights would be beyond my expectations as a cable customer.

7.  I have been informed that it would cost a minimum of $300,000 and possibly over $600,000 in expert witness fees alone, plus additional amounts including attorney fees, to bring the antitrust claims asserted in this case in an arbitration proceeding on an individual (non-class action) basis. Such expert witness fees alone, and when added to attorney fees, would certainly prevent me from bringing my antitrust claims on an individual basis in arbitration. It would make no economic sense for me to bring such antitrust claims in an individual arbitration proceeding, especially in view of the fact that my potential recovery in damages may be only a portion of my monthly cable bills. It would be irrational for me to bring such antitrust claims other than as part of a class action because the costs involved, including expert witness fees and attorney fees, would be far in excess of what I might recover in damages.

*Signed under the pains and penalties of perjury, this* 30th *day of June, 2004.*

Martha Kristian

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 7/1/4