IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

2004 JUL -1 P 6:14

| | |
|---|---|
| Martha Kristian, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Comcast Corporation, *et al.* | No. 03CV12466 EFH <br> The Honorable Edward F. Harrington |

## DECLARATION OF JAMES D. MASTERMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

I, James D. Masterman, declare that the following is true and accurate and based upon my personal knowledge.

1. My name is James D. Masterman and I am a plaintiff in <u>Kristian, et al, v. Comcast.</u>

2. I have been a customer of Comcast Corporation ("Comcast") and what I have been informed are its predecessor companies, including AT&T Broadband (AT&T"), from approximately 1987 to the present. Since that time, I have received cable video, including premium channels and high speed Internet services from Comcast, AT&T or its predecessors.

3. I have never signed a written contract or agreement for cable services with Comcast or AT&T or its predecessors, nor do I recall ever having been asked to sign one.

4. I have never knowingly signed an arbitration agreement with Comcast, AT&T or its predecessors nor do I ever recall having been asked to sign one. During the time in which I have been a customer of Comcast, AT&T or its predecessors, I do not recall ever having been contacted by Comcast, AT&T or its predecessors, either in writing or in person or by any other

MCT/138455.1

method, concerning an arbitration agreement with me, the terms and meaning of the supposed agreement or otherwise had any dealings with Comcast, AT&T or its predecessors concerning an arbitration agreement.

5. I have been informed that Comcast claims that it mailed to me a copy of its policies and practices in November or December 2003. I have no memory of receiving it. No representative of Comcast has spoken to me directly regarding arbitration nor has any representative asked me whether I received a copy of Comcast's policies and practices regarding arbitration. I do not recall having signed a document stating that I received or accepted Comcast's policies and practices.

6. I do not accept Comcast's policies and practices regarding arbitration.

7. I have been informed that AT&T claims that it mailed to me a copy of its policies and practices in November or December 2002. I have no memory of receiving it. No representative of AT&T has spoken to me directly regarding arbitration nor has any representative asked me whether I received a copy of AT&T's policies and practices regarding arbitration. I do not recall having signed a document stating that I received or accepted AT&T's policies and practices.

8. I do not accept AT&T's policies and practices regarding arbitration.

9. I have been advised that Comcast and/or AT&T assert that as a Comcast and/or AT&T customer or as a customer of its predecessors, I (i) agreed to arbitrate any disputes I may have with Comcast, AT&T or its predecessors; (ii) waived my right to litigate any claims I may have against Comcast, AT&T or its predecessors in court; (iii) waived my right to a jury trial; (iv) waived my right to participate in a class action lawsuit against Comcast, AT&T or its predecessors; (v) limited any damage claim I may have against Comcast, AT&T or its predecessors to actual damages; (vi) waived my right to additional damages including, punitive

damages or other statutory or common law damages to which I may be entitled; (vii) agreed to shorten the time period in which I may bring a claim against Comcast, AT&T to one year rather than statutory time period for bringing a legal action (which I am informed is four years, for example, for an antitrust lawsuit); or (viii) agreed to limit my right to take discovery in any legal action I may be involved in against Comcast, AT&T or its predecessors.

10. I have not knowingly signed a document in which I agreed to any of the waivers set forth in paragraph 9 or have been presented with an explanation by anyone representing Comcast, AT&T or its predecessors that a document presented for my signature by Comcast, AT&T or its predecessors included the foregoing waivers.

11. Upon information and belief, no one in my household has ever knowingly signed a document in which any of the waivers set forth in paragraph 9 were agreed to or were presented with an explanation by anyone representing Comcast, AT&T or its predecessors that a document presented for signature by Comcast, AT&T or its predecessors included the foregoing waivers.

12. I do not recall ever signing a "work order" in connection with Comcast, AT&T or its predecessors' service.

13. I do not know what the actual costs, including expert witness fees and attorney fees, would be to bring the antitrust claims asserted in this case in an arbitration proceeding on an individual (non-class action) basis. However, based on my own experience as an attorney, I have concluded that it would not be cost effective to commence and prosecute an antitrust action as an individual in an arbitration proceeding or in court. I would not pursue this cause of action other than as part of a class due to the fact that the litigation costs exceed the potential damages on an individualized basis.

*Signed under the pains and penalties of perjury, this 21st day of June 2004.*

                                                   James D. Masterman

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on this date 7-1-04