IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Martha Kristian and James D. Masterman,<br><br>Plaintiffs,<br><br>v.<br><br>Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, Inc., Comcast Cable Holdings, LLC, and Comcast MO Group, Inc.,<br><br>Defendants. | Civil Action No. 03-CV-12466-EFH |
| Jack Rogers and Paul Pinella,<br><br>Plaintiffs,<br><br>v.<br><br>Comcast Corporation and AT&T Broadband,<br><br>Defendants. | Civil Action No. 04-10142-EFH |

### PRACTICE AND PROCEDURE ORDER NO. 1

It is hereby ORDERED as follows:

#### Organization of Plaintiffs' Counsel

The Court confirms the organization of Plaintiffs' counsel set forth below for the purpose of assuring the effective, efficient, expeditious and economical conduct of the litigation.

1.  Heins Mills & Olson, P.L.C. and Susman Godfrey L.L.P. shall be co-lead counsel ("Co-Lead Counsel") to Plaintiffs and the putative class, respectively, in the above-captioned matters ("Plaintiffs"). As Co-Lead Counsel, Heins Mills & Olson and Susman Godfrey shall have the following duties during all phases of this litigation:

(a)     To organize and supervise the efforts of Plaintiffs' counsel in a manner to assure that the pretrial and trial preparation for the Plaintiffs is conducted effectively, efficiently, expeditiously, and economically;

(b)     To delegate work responsibilities and monitor the activities of Plaintiffs' counsel to assure that schedules are met and unnecessary expenditures of time and expense are avoided;

(c)     To speak on behalf of Plaintiffs at all Court conferences;

(d)     To initiate and conduct discussions and negotiations with counsel for Defendants on all matters, including settlement;

(e)     To determine the position of the Plaintiffs on all matters arising during the litigation (after such consultations with other co-counsel as appropriate) and present such position orally and/or in writing to the Court and opposing parties;

(f)     To consult with and employ experts, as necessary, for Plaintiffs;

(g)     To coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of interrogatories and requests for production of documents, the organization and review of documents produced by Defendants and non-parties, and the examination of witnesses via deposition;

(h)     To maintain and make available to all counsel and the Court, an up-to-date service list;

(i)     To receive and to initiate communications with the Court and the Clerk of Court, including receiving orders, notices, correspondence and telephone calls;

56412.1

(j) To be the primary contact for all communications between Plaintiffs and Defendants concerning this litigation;

(k) To perform such other duties as are necessary in connection with the prosecution of this litigation;

(l) To coordinate the preparation and presentation of all of Plaintiffs' claims and coordinate all proceedings;

(m) To encourage full cooperation and efficiency among all Plaintiffs' counsel;

(n) To assess Plaintiffs' counsel for the costs of the litigation; and

(o) To apportion any attorney fees awarded by the Court among Plaintiffs' counsel.

2. The following firms shall serve on the Executive Committee of Plaintiffs' counsel: Kaplan Fox & Kilsheimer LLP; Keller Rohrback, LLP; and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. The Executive Committee shall assist in the prosecution of these matters as directed by Co-Lead Counsel.

3. All Plaintiffs' counsel shall keep contemporaneous records of their time devoted to these matters. Those records shall reflect the date of the legal service rendered, the nature of the service, and the number of hours consumed. These records shall be submitted by the fifteenth day of each month to Co-Lead Counsel, in accordance with a form provided by Co-Lead Counsel to all Plaintiffs' counsel. No Plaintiffs' counsel shall incur an expense to be reimbursed from the Plaintiffs' assessment fund in excess of five-thousand dollars ($5,000) without first obtaining consent from one of Plaintiffs' Co-Lead Counsel. Failure to comply with this requirement may render the expense non-reimbursable, at the discretion of Co-Lead Counsel.

### Service of Papers

4.  Service of pleadings and other papers by the Defendants shall, subject to further order of this Court, shall be made upon the Co-Lead Counsel and upon John P. Zavez, Adkins Kelston & Zavez, P.C., 90 Canal Street, Boston, Massachusetts 02114. Service by any party shall be made electronically through the ECF system per Local Rule 5.4(c) as well as first class U.S. Mail. Counsel shall also provide courtesy copies to opposing counsel by e-mail.

### Subsequently Filed or Transferred Related Actions

5.  Any other action(s) pending in, subsequently filed in or transferred to this Court which arise(s) out of the acts or transactions alleged in the complaints in these actions will be reassigned to the Judge assigned to these actions, and shall be consolidated herewith for pre-trial purposes.

6.  Promptly upon learning of the filing in, or transfer to, this Court of any action which arises from the same incidents and events, in whole or in part, as are the subject matter of Plaintiffs' complaints, Defendants' counsel shall provide written notice of same to the Court and Plaintiffs' Co-Lead Counsel. Within five (5) business days of receipt of such notice, Plaintiffs' Co-Lead Counsel shall mail a copy of this Order to counsel for each plaintiff in each subsequently filed or transferred related action and to counsel for any defendant in each such related action who is not already a party to any action then included in these actions.

7.  Counsel for any party in any subsequently filed or transferred action, not already appearing, may object to the consolidation of such action by filing with this Court and serving upon Plaintiffs' Co-Lead Counsel and counsel for Defendants a written objection and application for relief

56412.1

from this Order within fifteen (15) days of service of this Order on the objecting party or his or her counsel.

8. Any discussions of a settlement of this litigation, in whole or part, must be conducted or authorized by Plaintiffs' Co-Lead Counsel. Any proposed settlement that resolves, in whole or part, the claims brought in these actions shall first be subject to review and approval by the Court.

Dated: July 18, 2006

_____
The Honorable Edward F. Harrington
United States District Court Judge

56412.1

5