# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# (BOSTON)

| | |
|---|---|
| Martha Kristian, | Civil Action No. 03-CV-12466-EFH |
| Plaintiff, | |
| v. | |
| Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, Inc., Comcast Cable Holdings, LLC, and Comcast MO Group, Inc., | |
| Defendants. | |
| Jack Rogers and Paul Pinella, | Civil Action No. 04-10142-EFH |
| Plaintiffs, | The Honorable Edward F. Harrington |
| v. | |
| Comcast Corporation and AT&T Broadband, | |
| Defendants. | |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION
### TO TRANSFER CASES TO THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Plaintiffs respectfully submit this memorandum in support of their motion to transfer the above consolidated cases to the United States District Court for the Eastern District of Pennsylvania for all purposes, including consideration for consolidation by that Court with the closely related case of *Caroline Behrend, et al. v. Comcast Corp., et al.*, pending before the United States District Court for the Eastern District of Pennsylvania.

57717.1


## LEGAL STANDARD

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) "was to grant broadly the power of transfer for the convenience of parties and witnesses, in the interest of justice, whether dismissal under the doctrine of *forum non conveniens* would have been appropriate or not." *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (recognizing that "Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience." (citation omitted)). The decision to transfer a case under §1404(a) lies in the sound discretion of the trial court. *Brookfield Mach., Inc. v. Calbrit Design,* 929 F. Supp. 491, 501 (D. Mass. 1996).

## STAY ORDER

On November 2, 2006, this Court issued an Order providing that "the Court stays its decision on Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint pending the ultimate resolution of the case of *Glaberson*, *[Behrend] et al. v. Comcast Corporation, et al.,* Civil Action No. 03-6604, pending in the United States District Court for the Eastern District of Pennsylvania [hereinafter, "*Behrend v. Comcast Corp*."]."

## ARGUMENT

I.  **TRANSFER OF THE ABOVE CONSOLIDATED CASES IS IN THE INTEREST OF JUSTICE.**

  A.  <u>The Above Cases are Closely Related to a Case Pending in the Eastern District of Pennsylvania.</u>

As this Court implicitly recognized in issuing its November 2, 2006 Order, the *Behrend v. Comcast Corp.* case presently pending before the Honorable John R. Padova in the Eastern District of Pennsylvania is closely related to the above *Kristian* and *Rogers* cases. Each of these

57717.1

2

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents

actions involve substantially similar facts and legal theories. Each case is brought by cable subscribers of Defendants (collectively, "Comcast"), alleging that Comcast violated antitrust laws by restraining trade, through the imposition of horizontal market restraints and the acquisition of competitor cable companies, and unlawfully monopolized and attempted to monopolize the cable television services markets in the Boston, or Philadelphia, and Chicago areas. Each case was filed December 8, 2003. Counsel for plaintiffs and for defendants is the same in each action. Each action is brought as a putative class action. All three actions seek the same type of relief, including damages and injunctive relief. Each case alleges violations of Sections 1 and 2 of the Sherman Act. The *Rogers* case also alleges violations of the Massachusetts Antitrust Act, but based on the same facts and the same alleged conduct of defendants underlying plaintiffs' Sherman Act claims. Plaintiffs will prove their claims based on the same antitrust law principles and through common, classwide methods of proof. Comcast will likely assert similar arguments in each case, as it has done in defense of each of the above actions to date.

    Procedurally, the above captioned cases and the *Behrend* case are substantially similar; however, the *Behrend* case before the United States District Court for the Eastern District of Pennsylvania is further advanced. *Kristian v. Comcast Corp.* is a putative class action brought by cable customers of Comcast, seeking damages and injunctive relief for Comcast's imposition of horizontal market restraints and further restraints of trade through acquisitions of competitor companies in violation of §1 of the Sherman Act and unlawful monopolization and attempted monopolization in violation of §2 of the Sherman Act, with respect to the Boston area cable market. Similarly, *Rogers*, originally filed in Massachusetts state court, alleges the same conduct of defendants violates §§ 4 and 5 of the Massachusetts Antitrust Act. Upon defendants' motion,

57717.1

*Rogers* was removed to this Court and was subsequently consolidated, upon the parties' joint request, with the *Kristian* case. This Court denied Comcast's motion to compel arbitration of the *Kristian* and *Roger*s actions. The First Circuit reversed and remanded. On May 18, 2006, this Court entered an Agreed Order, resolving all arbitration issues and ordering that plaintiffs' claims be heard in court and not through arbitration. The parties have briefed Comcast's motion to dismiss plaintiffs' Consolidated Amended Class Action Complaint.

In the *Behrend v. Comcast Corp.* (E.D. Pa.) case, the Honorable John R. Padova denied defendants' motion to compel arbitration. The Third Circuit reversed and remanded. The District Court issued a second arbitration ruling on December 27, 2005. Plaintiffs requested reconsideration. The District Court entered an order dated April 12, 2006, resolving all arbitration issues and ordering that plaintiffs' claims shall be resolved in court and not through arbitration. Following briefing and oral argument, the District Court denied Comcast's motion to dismiss on August 31, 2006. Comcast's motion for partial reconsideration, or, alternatively, certification for interlocutory appeal has been briefed and was argued on October 26, 2006. Plaintiffs' motion for certification of the proposed Philadelphia area class is pending before the Honorable John R. Padova.

All three putative class action antitrust cases involve substantially the same questions of fact and law. There is no question but that these case are closely related. *See* L.R. 40(G) (recognizing that a civil case is closely related to another if, *inter alia*, the cases involve the same or similar claims or defenses.) If this motion is allowed, Plaintiffs anticipate moving the United States District Court for the Eastern District of Pennsylvania to consolidate the *Kristian* and *Rogers* cases with the pending *Behrend* case pending before Judge Padova.

57717.1                                    4

B.   Transfer Will Clearly Promote the Interest of Justice.

Under this Court's November 2, 2006, Order, the above cases are stayed "pending the ultimate resolution" of the *Behrend* case. The consequence is that it will be many months, if not years, before the above captioned cases are allowed to proceed and plaintiffs are given the opportunity to have their day in court for adjudication of their antitrust claims. Trial of the *Behrend* case is not scheduled to begin until October 1, 2007. *Behrend v. Comcast Corp.*, Amended Scheduling Order entered October 14, 2006. Any appeals would further delay reaching the "ultimate resolution" of that closely related case. The very purpose of civil procedural rules is "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Additionally, enforcement of antitrust laws is clearly in the public interest and the interest of justice. Transfer will therefore further the interest of justice.

**II.   TRANSFER WILL PROMOTE THE CONVENIENCE OF THE PARTIES AND WITNESSES.**

The convenience of the parties supports transfer of the above cases to the Eastern District of Pennsylvania for consideration by that Court of consolidation with the pending, and the most advanced, of these three closely related cases, *Behrend v. Comcast Corp.* Comcast is headquartered in Philadelphia, Pennsylvania. Transfer to the Eastern District of Pennsylvania is manifestly convenient for Comcast. Bringing all three closely related actions before a single forum furthers the convenience of all parties. Both the Philadelphia plaintiffs and the Chicago plaintiffs have chosen to litigate their claims in the Eastern District of Pennsylvania. While Philadelphia is more distant than the Eastern District of Massachusetts for Massachusetts plaintiffs, transfer promotes the relative convenience of the parties in all three actions. Witnesses will be deposed in the district of their residence pursuant to established practice. Additionally, plaintiffs submit that submission of their deposition testimony, as appropriate, or their live

testimony at trial, furthers the interests and convenience of the Massachusetts plaintiffs and is far preferable than significantly delaying their opportunity to prosecute their antitrust claims while awaiting the ultimate resolution of the *Behrend* case. *See Fairview Mach. & Tool Co., Inc. v. Oakbrook Int'l.*, 56 F.Supp.2d 134, 141-42 (D. Mass. 1999) (denying transfer but noting that "[n]o matter where this case is tried, one side or the other will be inconvenienced" and that "this court sees no meaningful basis to conclude that one side will be more inconvenienced than the other or that some witnesses will be put out significantly more than others by traveling to a distant forum."). Furthermore, because of modern transportation, expert witnesses can appear in virtually any domestic federal forum, certainly including in Philadelphia. For example, the parties' respective class certification experts retained in the *Behrend* case are both headquartered in Washington, D.C.

Additionally, Plaintiffs anticipate that the substantial bulk of the documents to be produced during discovery are located at Comcast's Philadelphia headquarters. The Eastern District of Pennsylvania is convenient to counsel for the parties, as has been demonstrated by the numerous filings and appearances by counsel before the Honorable John R. Padova. Finally, the fact that the *Behrend* case is the furthest advanced procedurally supports transfer of the *Kristian* and *Rogers* cases to the Eastern District of Pennsylvania for consolidation with the closely related *Behrend* case.

Surely, the interest of justice and the convenience of the parties and witnesses are furthered by the most inexpensive, efficient, resource-conserving means of litigating plaintiffs' substantially similar antitrust claims in a single forum and in the case that is furthest advanced. *See Maxlow v. Leighton*, 325 F.Supp. 913, 915-16 (E.D. Pa. 1971) (finding that transferring case to judicial district where it may be consolidated for trial with a pending case is in the interest of

justice and serves the convenience of parties and witnesses, and noting that "litigation of related claims in the same tribunal is favored in the federal court system in order to avoid duplicitous litigation, attendant unnecessary expense and loss of time to courts, witnesses and litigants and to avoid inconsistent results." (citation omitted)); *Firmani v. Clarke,* 325 F. Supp. 689, 693 (D. Del. 1971) (transferring securities class action to Eastern District of Pennsylvania, where similar class actions were pending, and noting that "[a] strong public policy favors bringing all such litigation together in one tribunal so that pretrial discovery may be conducted more efficiently, witnesses' time may be conserved, public and parties' litigation expenses may be reduced, and inconsistent results can be avoided." (citations omitted)); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (noting that "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice" and that "the purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" (citation omitted)).

### III. THE ABOVE CASES COULD HAVE BEEN BROUGHT IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

28 U.S.C. § 1404(a) allows transfer of a civil action to any other district "where it might have been brought." The *Kristian* and *Rogers* cases could have been brought in the United States District Court for the Eastern District of Pennsylvania. That Court has jurisdiction and venue based on the same grounds asserted by Plaintiffs in each of the three actions.[1]

---

[1] Plaintiffs brought each of the related actions under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, (and, as to the *Rogers* case, Section 12 of the Massachusetts Antitrust Act, M.G.L. ch. 93, § 12). Jurisdiction of each action is proper pursuant to 28 U.S.C. §§ 1331 and 1337 and Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26. As to the *Rogers* case, jurisdiction is further founded under Sections 3 and 12 of the Massachusetts Antitrust Act, M.G.L. ch. 93, §§ 3 and 12 and supplemental jurisdiction exists under 28 U.S.C. § 1367). In all three actions, venue is proper pursuant to 15 U.S.C. §§ 15, 22 and 26 and 28 U.S.C. § 1391(b) and (c), because Comcast

Additionally, defendants may be served with process in that judicial district where Comcast is located.

## CONCLUSION

For the above reasons, Plaintiffs respectfully move that the accompanying Proposed Order be entered transferring the above cases to the United States District Court for the Eastern District of Pennsylvania.

Dated:  November 14, 2006                                   Respectfully submitted,


                                                                  <u>s/ David Woodward</u>
Samuel D. Heins
Stacey L. Mills
David Woodward (DRW 6156)
Jessica N. Servais
HEINS MILLS & OLSON, P.L.C.
3550 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Tel:  (612) 338-4605
Fax:  (612) 338-4692

Anthony J. Bolognese (#36937)
Joshua H. Grabar (JHG 1707) (#82525)
BOLOGNESE & ASSOCIATES, LLC
1617 JFK Blvd., Suite 650
Philadelphia, PA  19103
Tel:  (215) 814-6750
Fax:  (215) 814-6764

Barry Barnett
John Turner
Jason Fulton
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, TX  75202
Tel:  (214) 754-1900
Fax:  (214) 754-1933

---

transacts business, maintains offices or otherwise is found within each of the judicial districts in which the actions were filed.

57717.1                                                              8


Marc H. Edelson (#51834)
HOFFMAN & EDELSON
45 West Court Street
Doylestown, PA  18901
Tel:  (215) 230-8043
Fax:  (215) 230-8735

Robert N. Kaplan
Gregory K. Arenson
Christine M. Fox
KAPLAN FOX & KILSHEIMER LLP
805 Third Avenue, 22nd Floor
New York, NY  10022
Tel:  (212) 687-1980
Fax:  (212) 687-7714

Gary L. Specks
KAPLAN FOX & KILSHEIMER LLP
423 Sumac Road
Highland Park, IL  60035
Tel:  (847) 831-1585
Fax:  (847) 831-1580

Lynn Lincoln Sarko
Mark A. Griffin
John H. Bright
Raymond J. Farrow
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Tel:  (206) 623-1900
Fax:  (206) 623-3384

Michael Hausfeld
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005
Tel:  (202) 408-4600
Fax:  (202) 408-4699

Stewart Weltman
COHEN, MILSTEIN, HAUSFELD
& TOLL, P.L.L.C.
39 S. LaSalle Street, Suite 1100
Chicago, IL  60603
Tel:  (312) 357-0370
Fax:  (312) 357-0369

Ann D. White
LAW OFFICES OF ANN D. WHITE, P.C.
One Pitcairn Place, Suite 2400
165 Township Line Road
Jenkintown, PA  19046
Tel: (215) 481-0274
Fax: (215) 481-0271

Jayne Goldstein
MAGER & GOLDSTEIN, LLP
Liberty Place, 21st Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 640 -3280
Fax: (215) 640 -3281

John Peter Zavez (#555721)
Noah Rosmarin (#630632)
ADKINS KELSTON & ZAVEZ, P.C.
90 Canal Street
Boston, MA  02114
Tel: (617) 367-1040
Fax: (617) 742-8280

Ted Donner
DONNER & COMPANY
LAW OFFICES LLC
203 North LaSalle Street, Suite 2100
Chicago, IL  60601
Tel:  (312) 805-2100
Fax:  (312) 556-1369

**Counsel for Plaintiffs**