**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MARTHA KRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-CV-12466-EFH |
| | ) | |
| v. | ) | |
| | ) | |
| COMCAST CORPORATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |
| | ) | |
| JACK ROGERS, ET AL. | ) | No. 04-10142-EFH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | The Honorable Edward F. Harrington |
| v. | ) | |
| | ) | |
| COMCAST CORPORATION, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION TO TRANSFER CASES TO
THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT                                                                    1

SUMMARY OF RELEVANT FACTS
AND PROCEDURAL HISTORY                                                                    2

ARGUMENT                                                                                 3

   I.    PLAINTIFFS HAVE FAILED TO SHOW THAT THE
        BALANCE OF CONVENIENCES FAVORS TRANSFER                                  4

        A.   Plaintiffs Do Not Deny That The District Of Massachusetts Is The
              Most Convenient Forum For The Parties And Their Likely Witnesses         5

        B.   The Eastern District Of Pennsylvania
              Is Not More Convenient For The Parties                                   6

        C.   Transfer To The Eastern District Of Pennsylvania Would Be
              Less Convenient, Not More, For The Parties' Likely Witnesses             7

   II.   TRANSFER TO FACILITATE PLAINTIFFS' FORUM-
        SHOPPING IS NOT IN THE INTERESTS OF JUSTICE                                 9

CONCLUSION                                                                               12

## TABLE OF AUTHORITIES

### CASES

Boateng v. General Dynamics Corp., Civ. A. No. 05-40222, 2006 U.S. Dist. LEXIS
    80084 (D. Mass. Nov. 2, 2006)................................................................................3

Butler v. Thompson/Center Arms Co., Inc., No. 01-1-6, 2001 WL 1570949 (D.N.H. Oct.
    31, 2001) ............................................................................................3, 4, 8, 9

Clayman v. Starwood Hotels & Resorts Worldwide, Inc., No. 02-2597, 2004 WL 515955
    (D. Kan. March 16, 2004) .................................................................4, 7, 10

Crosfield Hastech, Inc. v. Harris Corp., 672 F. Supp. 580 (D.N.H. 1987) ......................................8

Distefano v. Carozzi North America, Inc., No. 98 CV 7137, 2002 U.S. Dist. LEXIS
    23042 (E.D.N.Y. Nov. 16, 2002)........................................................................9

FCI USA, Inc. v. Tyco Electric Corp., No. 2-06-CV-4, 2006 WL 2062426 (E.D. Tex.
    July 24, 2006)........................................................................................7

Harem-Christensen Corp. v. M.S. Frigo Harmony, 477 F. Supp. 694 (S.D.N.Y. 1979)............4, 6

NBA Properties, Inc. v. Salvina, Inc., No. 99 Civ. 11799, 2000 U.S. Dist. LEXIS 3799
    (S.D.N.Y. March 27, 2000)................................................................................8

Roller Bearing Co. of America v. Bearings, Inc., 260 F. Supp. 639 (E.D. Pa. 1966) .................5, 7

Shipley Co. v. Clark, 728 F. Supp. 818 (D. Mass. 1990) .................................................3

Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56 (D. Mass. 2001)........................................7

Tiffany v. Hometown Buffet, Inc., No. 06-2524, 2006 U.S. Dist. LEXIS 73568 (N.D.
    Cal. Sept. 28, 2006)........................................................................5, 7, 11

Warner-Lambert Co. v. Apotex Corp., No. 98 C 4293, 2001 WL 854854 (N. D. Ill. July
    27, 2001) ............................................................................................4, 6, 7, 9

Ziegler v. Dart Industries, Inc., 383 F. Supp. 362 (D. Del. 1974) ...........................................7, 10

### STATUTES

28 U.S.C. § 1404(a) ................................................................................................1, 3

Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, Inc., Comcast Cable Holdings, LLC, and Comcast MO Group, Inc. (collectively "Comcast") respectfully submit this memorandum of law in opposition to the motion of plaintiffs Martha Kristian, Jack Rogers, and Paul Pinella (collectively "Plaintiffs") to transfer Kristian v. Comcast Corp, et. al., No. 03-CV-12466 ("Kristian") and Rogers, et al. v. Comcast Corp. et al., No. 04-CV-10142 ("Rogers," and together with Kristian, the "Massachusetts Cases") to the United States District Court for the Eastern District of Pennsylvania, dated November 14, 2006 (the "Transfer Motion").

## PRELIMINARY STATEMENT

The Transfer Motion is a brazen example of forum-shopping. Plaintiffs seek to transfer this action from the District of Massachusetts, the forum they chose, solely because Plaintiffs are unhappy with the Court's recent decision staying the case pending the outcome of another case filed by the same counsel on behalf of other plaintiffs in the Eastern District of Pennsylvania. Transfer of venue pursuant to 28 U.S.C. § 1404(a) is intended to promote the convenience of parties and the interests of justice. It is not intended allow Plaintiffs to try their luck in multiple fora before settling, nearly three years into the case, upon the one which they now consider most favorable.

Plaintiffs' choice of this forum for the Massachusetts Cases case was well-founded. Here—not Pennsylvania—is where the named Plaintiffs (and the vast majority of the two million putative class members they purport represent) are located. Here—not Pennsylvania—is where the transactions complained of occurred. This forum—not Pennsylvania—corresponds to the alleged geographic market, and it is here—not Pennsylvania—that the putative antitrust violations' effects are allegedly being felt.

Plaintiffs' transfer motion is a pure matter of tactics. Neither the convenience of the parties nor the interests of justice would be served by transferring the case to Pennsylvania. Plaintiffs do not cite (and Comcast has not found) a single decision granting a motion by a plaintiff to transfer a case from the plaintiff's own chosen forum to another, less convenient forum, after several years of litigation. There is no reason to set such a precedent here.

## SUMMARY OF RELEVANT FACTS AND PROCEDURAL HISTORY

This case is one of five separate actions simultaneously filed by the same plaintiffs' counsel nearly three years ago (December 8, 2003). Those actions are: <u>Kristian</u>, in the District of Massachusetts; <u>Rogers</u>, in Massachusetts Superior Court, Middlesex County; <u>Behrend v. Comcast</u>, No. 03-6604, in the Eastern District of Pennsylvania; <u>Kellman v. Comcast</u>, No. 03C8831, in the Northern District of Illinois; and <u>Evanchuck-Kind v. Comcast</u>, No. 03 CH 20499, in Illinois Circuit Court, Cook County.[1]

Here, the named Plaintiffs purport to sue on behalf of Comcast subscribers in Massachusetts and southern New Hampshire. They allege that Comcast (itself and through its predecessor-in-interest, AT&T Broadband) violated the federal and Massachusetts antitrust laws by, <u>inter alia</u>, acquiring cable system assets from other cable providers serving the Boston area (<u>viz.</u>, MediaOne and Cablevision). (<u>See</u> <u>generally</u> CAC, ¶¶ 1-6)

There has been considerable motion and appellate practice, and considerable expenditure of judicial resources, in the Massachusetts Cases. On January 1, 2004, Comcast removed <u>Rogers</u> to federal district court. The <u>Rogers</u> plaintiffs vigorously resisted removal and made a motion to remand the case to Massachusetts Superior Court. The Court denied Plaintiffs' remand motion, and thereafter consolidated <u>Kristian</u> and <u>Rogers</u>. In March 2004, Comcast moved to compel

---

[1] The <u>Kellman</u> and <u>Evanchuck-Kind</u> actions were voluntarily dismissed and their named plaintiffs were added as parties to the <u>Behrend</u> action.

arbitration; this Court denied the motion. Comcast appealed the denial of that motion to the First Circuit Court of Appeals, which reversed and remanded. In September 2006, Comcast moved to dismiss the consolidated Massachusetts Cases. On November 2, 2006, this Court issued an order staying its decision on Comcast's motion to dismiss pending ultimate resolution of the <u>Behrend</u> action.

In <u>Behrend</u>, plaintiffs allege that Comcast violated the federal antitrust laws by, <u>inter alia</u>, acquiring cable systems from other providers serving the Chicago and Philadelphia areas. (<u>See</u> TAC, ¶¶ 51-56) As with the Massachusetts Cases, there has been considerable litigation in <u>Behrend</u> on issues concerning arbitrability, including an appeal to the Third Circuit. On June 12, 2006, Comcast moved to dismiss the <u>Behrend</u> plaintiffs' third amended complaint. Following the district court's denial of that motion, Comcast moved for partial reconsideration or certification; at present, decision on Comcast's reconsideration/certification motion is pending.

## **ARGUMENT**

Section 1404(a) provides for transfer venue in order to better accommodate "the convenience of the parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). Because a plaintiff's original choice of forum is entitled to "great weight," there is a heavy presumption against disturbing that choice. <u>Boateng v. Gen. Dynamics Corp.</u>, Civ. A. No. 05-40222, 2006 U.S. Dist. LEXIS 80084, at *11 (D. Mass. Nov. 2, 2006); <u>see also</u> <u>Shipley Co. v. Clark</u>, 728 F. Supp. 818, 823 (D. Mass. 1990) (same). Accordingly, a motion to transfer venue may only be granted "if the moving party makes a <u>clear showing</u> that a balancing of conveniences <u>strongly favors</u> [transfer]." <u>Butler v. Thompson/Ctr Arms Co., Inc.</u>, No. 01-106, 2001 WL 1570949, at *2 (D.N.H. Oct. 31, 2001) (emphasis added) (internal quotations omitted). Where moving to a new forum would not clearly accommodate all parties, but would "merely ...

shift inconvenience from one party to the other," a motion to transfer must be denied. Id.; see also Warner-Lambert Co. v. Apotex Corp., No. 98 C 4293, 2001 WL 854854, at * 2 (N. D. Ill. July 27, 2001) (same).

Obviously, a transfer pursuant to Section 1404(a) is typically invoked at the outset of the case by the party that did not choose the forum. In the rare case where the party seeking transfer to upset the chosen forum is the plaintiff itself, the heavy burden required to justify transfer is in no way diminished. See, e.g., Clayman v. Starwood Hotels & Resorts Worldwide, Inc., No. 02-2597, 2004 WL 515955, at *2 (D. Kan. March 16, 2004) ("[T]he burden should be at least as heavy on a plaintiff, seeking to change a forum that he had himself selected, as it is when the defendant is the moving party.") (internal quotations omitted)); Butler, 2001 WL 1570949, at *2 (same). The risk of forum-shopping is high in these circumstances. As here, the risk is that the plaintiff is not only shopping fora, but judges: having received a decision it did not favor from one judge, plaintiff seeks out another under the guise of transferring "venue." To avoid such abuse, in addition to showing that the interests of convenience and justice would be advanced, courts further require that the plaintiff "demonstrate a change in circumstance that has occurred since the filing of the action which warrant[s] a change of venue." Warner-Lambert Co., 2001 WL 854854, at * 2; see also Harem-Christensen Corp. v. M.S. Frigo Harmony, 477 F. Supp. 694, 698 (S.D.N.Y. 1979) ("When a plaintiff is a movant for a change of venue pursuant to [Section] 1404(a), he must show a change of circumstances that has taken place since the filing of suit in order to prevail.").

## I.    PLAINTIFFS HAVE FAILED TO SHOW THAT THE BALANCE OF CONVENIENCES FAVORS TRANSFER

Plaintiffs assert broadly that "the convenience of the parties" supports transfer. (Transfer Br., p. 5). Plaintiffs do not, however, claim that the District of Massachusetts is an inconvenient

forum, or that the Eastern District of Pennsylvania is a more convenient one.  Instead, Plaintiffs

argue that the Eastern District of Pennsylvania is, if not a *more* convenient forum, then at least

not an *in*convenient forum for the parties and their witnesses, experts, and counsel.  Plaintiffs fall

far short of establishing that the balance of conveniences "strongly favors" transfer.

### A.    Plaintiffs Do Not Deny That The District Of Massachusetts Is The Most Convenient Forum For The Parties And Their Likely Witnesses

Plaintiffs do not point to any feature of the District of Massachusetts that would render it

an inconvenient forum—and, having chosen this forum, how could they?  The plain facts are

inescapable and dispositive.  Plaintiffs all reside in Middlesex County (see CAC, ¶¶ 15-17), and

affirmatively chose to bring suit in courts sitting within the Eastern Division of the District of

Massachusetts.[2]  On the defendants' side of the ledger, the District of Massachusetts is likewise a

perfectly convenient forum, given that Comcast provides cable service and maintains offices

throughout the counties comprising the so-called "Boston Cluster."  Hence, Comcast did not

move to transfer on the basis of inconvenience.

Where, as here, the original forum is admittedly convenient for the parties, courts

regularly refuse to disturb plaintiff's original choice of forum.  See, e.g., Tiffany v. Hometown

Buffet, Inc., No. 06-2524, 2006 U.S. Dist. LEXIS 73568, at *7 (N.D. Cal. Sept. 28, 2006)

(denying transfer motion where movants "concede that transfer … would not be more

convenient" than the original forum).[3]  But where the plaintiff itself, having chosen the forum,

later moves to transfer without even asserting that the forum is inconvenient, grounds for transfer

are simply non-existent.  Here, Plaintiffs do not and cannot assert any change in circumstances

---

[2] See LR, D. Mass. 40.1(C).

[3] See also Roller Bearing Co. of America v. Bearings, Inc., 260 F. Supp. 639, 640 (E.D. Pa. 1966) (denying transfer motion where movant concedes that the original jurisdiction is more convenient for itself and at least as convenient for opposing party)

(other than a ruling from this Court which they do not like) rendering this forum less convenient for plaintiffs or defendants than it was on day one of this case.  See, e.g., Warner-Lambert, 2001 WL 854854, at *2 (denying transfer where plaintiff had pursued litigation for three years in separate fora and no change of circumstances had occurred to justify change of venue); Harem-Christensen, 477 F. Supp. at 698 (denying transfer where "nothing ha[d] changed since the time plaintiffs brought their action in this district.")  Obviously, receiving a decision from the court in their chosen forum that Plaintiffs do not favor is not a "change in circumstance" entitling them to abandon that forum in favor of another, let alone after three years of litigation in the case.

### B.    The Eastern District Of Pennsylvania Is Not More Convenient For The Parties

Plaintiffs purport to find convenience in the pendency of the Behrend action in the Eastern District of Pennsylvania: "Surely, the convenience of the parties … are [sic] furthered by the most inexpensive, efficient, resource-conserving means of litigating plaintiffs' substantially similar antitrust claims in a single forum…."  (Transfer Br., p. 6)

The same Plaintiffs' lawyers making this argument are the ones who filed these supposedly "substantially similar antitrust claims" as five separate actions in three federal district courts and two state courts.[4]  The same lawyers, and their clients, opposed removal of the Rogers action to the District of Massachusetts, where Kristian was already pending.  These are, moreover, the same Plaintiffs who have waited nearly three years since filing the Massachusetts Cases before seeking transfer to a district in which Plaintiffs now concede they could have originally brought suit had they been so inclined (see id., p. 7); during this interval, the Massachusetts Cases and the Behrend action each made their respective way up to the First and

---

[4] The five original actions were brought by the same core set of counsel, including the law firms Heins, Mills & Olson, P.L.C., Susman Godfrey L.L.P., Keller Rohrback, L.L.P., and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. (See Declaration of James T. Cain, dated November 28, 2006, Exs. 1 – 5)

Third Circuits and back again. These are, finally, the same Plaintiffs who, even in their transfer motion, cannot commit to make themselves available for live testimony at trial in the Eastern District of Pennsylvania.[5] Faced with similar motions from plaintiffs—in fact, motions far less egregious than the instant one given all the circumstances—courts have not hesitated to deny transfer. See, e.g., Tiffany, 2006 U.S. Dist. LEXIS 73568, at *7 (denying plaintiff's motion to transfer where plaintiffs had previously opposed defendant's motion to transfer venue in state court); Clayman, 2004 WL 515955, at *2 (denying Section 1404(a) motion where plaintiffs waited more than nine months before seeking transfer).[6]

### C.    Transfer To The Eastern District Of Pennsylvania Would Be Less Convenient, Not More, For The Parties' Likely Witnesses

Plaintiffs also contend that transfer to the Eastern District of Pennsylvania would promote the convenience of the parties' counsel, experts, and fact witnesses. (See Transfer Br., pp. 6-7) This argument fails for several reasons.

First, it is well-settled that the convenience of counsel and experts is not a factor to be considered when weighing the merits of a motion to transfer. See, e.g., FCI USA, Inc. v. Tyco Elec. Corp., No. 2-06-CV-4, 2006 WL 2062426, at *1 (E.D. Tex. July 24, 2006) ("This Court will not consider the location of the parties' counsel as this factor is not relevant [to] the question [of] whether transfer is appropriate."); Roller Bearing, 260 F. Supp. at 640 ("The convenience of counsel is not a factor in deciding such a motion. The convenience of expert witnesses ... is of little moment in deciding a question of transfer....").

---

[5] Plaintiffs' suggestion that "submission of their deposition testimony" would be an adequate alternative for their live testimony in the Eastern District of Pennsylvania is absurd. (Transfer Br., pp. 5-6) See, e.g., Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 71 (D. Mass. 2001) (on a motion to transfer, courts must consider "the convenience of witnesses with a preference for live testimony over testimony by deposition").

[6] See also, Warner-Lambert, 2001 WL 854854, at *2 (denying motion where plaintiff allowed "the better part of three years" to elapse before seeking transfer); Ziegler v. Dart Indus., Inc., 383 F. Supp. 362, 364 (D. Del. 1974) (denying motion where plaintiff "waited over four years to file the transfer motion and ... previously resisted a motion by the defendant to transfer the case to another district").

Second, while the convenience of fact witnesses <u>may</u> be a significant factor on a Section 1404(a) motion, courts require a party seeking transfer on this basis to specify the witnesses at issue and describe the testimony they are expected to give. <u>See, e.g.</u>, <u>NBA Properties, Inc. v. Salvino, Inc.</u>, No. 99 Civ. 11799, 2000 U.S. Dist. LEXIS 3799, at *18 (S.D.N.Y. March 27, 2000) ("Defendant fails to adequately specify both the identities and the anticipated testimony of … its probable witnesses.  Therefore, the Court declines to consider them for purposes of this [transfer motion]."); <u>Crosfield Hastech, Inc. v. Harris Corp.</u>, 672 F. Supp. 580, 589 (D.N.H. 1987) ("[A]morphous allegations of need as to unnamed witnesses and unspecified documents are inadequate to satisfy the mandate of *Gulf Oil Corp.* that there be a clear showing that a balancing of conveniences *strongly* favors the granting of a motion") (emphasis in original).

Here, Plaintiffs fail to identify <u>any</u> "witnesses" whose convenience they pretend to be concerned about.  It cannot be Plaintiffs or putative class members whose convenience is affected—they all live here.  Nor can it be Comcast's witnesses that Plaintiffs are concerned about—if it were, Plaintiffs would not have chosen this forum.  (In any event the Comcast witnesses most familiar with Comcast's operations either reside or can easily be made available in the District of Massachusetts.)

Third, although Comcast, as the non-moving party, is not required to demonstrate that the requested transfer would compromise its ability to secure the testimony of non-party witnesses,[7] this would almost certainly be the case.  In the Massachusetts Cases, Plaintiffs seek, in part, to hold Comcast liable as the successor-in-interest to AT&T which, according to Plaintiffs, violated state and federal antitrust laws by acquiring the Boston-area cable systems of MediaOne and Cablevision.  (<u>See</u> CAC, ¶¶ 52, 55(b), 58)  If these actions proceed, Comcast may need to obtain

---

[7] <u>Cf.</u> <u>Butler</u>, 2001 WL 1570949, at *3 n.2 (party opposing transfer "does not bear the burden in this [Section 1404(a)] motion and need not rely … on the convenience of its witnesses").

the testimony of former employees of AT&T, MediaOne, and Cablevision, many of whom undoubtedly continue to reside in Massachusetts. Should the Massachusetts Cases be transferred to the Eastern District of Pennsylvania, however, those witnesses will not be within the district court's subpoena power and will therefore likely be unavailable to Comcast. The unavailability of compulsory process to compel attendance of witnesses in the Eastern District of Pennsylvania weighs heavily against transfer. See, e.g., Distefano v. Carozzi North Am., Inc., No. 98 CV 7137, 2002 U.S. Dist. LEXIS 23042, at *6 (E.D.N.Y. Nov. 16, 2002) (denying transfer where non-movant "would be unduly prejudiced by his inability to secure live testimony at trial").

Where the probable effect of transfer would be "merely to shift inconvenience from one party to the other," courts in this Circuit and elsewhere have repeatedly ruled that transfer is inappropriate. Butler, 2001 WL 1570949, at * 2; see also Warner-Lambert, 2001 WL 854854, at * 2 (same). Here, worse than mere inconvenience would result to Comcast: it could be denied key evidence necessary to its defense.

Plaintiffs have shown neither that the forum where they originally chose to bring suit is inconvenient, nor that the substitute forum would prove more convenient. Because Plaintiffs have failed to make a clear showing that the balance of conveniences weighs heavily in favor of transfer, their motion should be denied.

## II.    TRANSFER TO FACILITATE PLAINTIFFS' FORUM-SHOPPING IS NOT IN THE INTERESTS OF JUSTICE

Plaintiffs state that, if the Massachusetts Cases were transferred to the Eastern District of Pennsylvania, they would seek to consolidate them with the Behrend action. According to Plaintiffs, the prospect of potential consolidation upon transfer would promote "the interests of justice" in two ways: (i) it would foster judicial economy by bringing "closely related actions" together in a single forum (see Transfer Br., pp. 2-4); and (ii) it would secure the "speedy"

determination of the Massachusetts Cases by circumventing this Court's stay and permitting

them to proceed on the same timetable as the <u>Behrend</u> action (see <u>id.</u>, p. 5).  As discussed below,

Plaintiffs' newfound concern for these "interests of justice" cannot justify transfer.

If Plaintiffs' counsel had truly been concerned with conserving judicial resources, they

would have brought all five cases they filed together in one forum at the outset; they did not.

Instead, they made a strategic decision to file actions in five different state and federal courts

spread across three different states.  In doing so, they presumably had in mind the best

interests—including the convenience—of their clients in the various actions and the millions of

consumers they purport to represent as class representatives.  Subsequently, and as a direct result

of decisions made by Plaintiffs' counsel in the interests of Plaintiffs and the other parties they

represent in this state and elsewhere, separate and substantial litigation has been ongoing in the

different fora in which the cases were filed (as well as in appellate courts in those jurisdictions).

The "interests of justice" are not served by transferring cases in these circumstances.  <u>See</u>, <u>e.g.</u>,

<u>Clayman</u>, 2004 WL 515955, at *2 (denying transfer where plaintiff invoked "burdensome nature

of pursuing somewhat duplicative litigation" in separate fora where plaintiff had elected to bring

suit); <u>Ziegler</u>, 383 F. Supp. at 364-65 (denying transfer where plaintiff's "primary motivation"

was to move its patent case to a forum which had recently issued a ruling favorable to plaintiff

on the same patents).

If Plaintiffs were truly interested in conserving judicial resources, they would not be

seeking to disrupt the status quo created by this Court's November 2 stay.  The stay fosters

judicial economy in both the near and long terms.  At present, as a result of the stay, the

Massachusetts Cases are not consuming judicial resources in either forum.  Further, if the stay

remains in place until ultimate disposition of the <u>Behrend</u> action, the result in that case may

materially alter the contours of the Massachusetts Cases.[8]

For similar reasons, Plaintiffs' assertion that the Massachusetts Cases could be litigated more quickly in the Eastern District of Pennsylvania (i.e., where they would not be subject to this Court's stay) affords no basis for transfer. Plaintiffs concede that the Massachusetts Cases could have originally been brought in the Eastern District of Pennsylvania. Having chosen instead to file them in the District of Massachusetts, Plaintiffs and their counsel necessarily accepted the risk that those actions would not proceed in lockstep. Now, in light of developments in the Behrend action, Plaintiffs would undoubtedly prefer to be pursuing their claims in the same forum. The purpose of a motion to transfer under Section 1404(a) is not, however, to facilitate forum-shopping by class actions plaintiffs and their lawyers. See, e.g., Tiffany, 2006 U.S. Dist. LEXIS 73568, at *7 ("Plaintiff[s] is now engaging in an attempt [to] transfer this litigation to a forum that they believe is more advantageous to their personal interests. [This does not] weigh in favor of their motion to transfer this matter under 1404(a).").

The interests of justice would not be served by permitting Plaintiffs to abandon the forum they chose and which they concede is convenient just because the case has been stayed in favor of another case filed by the same lawyers on behalf of different plaintiffs in another forum. Transferring would result in inconvenience to all concerned, would unjustly reward judge-shopping and would deny Comcast access to key witnesses as described above.

---

[8] For example, if the Behrend court ultimately determines that clustering is competition-neutral, Plaintiffs here may abandon their claims.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to transfer the <u>Kristian</u> and <u>Rogers</u> cases to

the Eastern District of Pennsylvania should be denied.

Dated: November 28, 2006

        Respectfully submitted,


        /s/ Timothy C. Blank
        Timothy C. Blank (BBO No. 548670)
        Joseph L. Sulman (BBO 663635)
        DECHERT LLP
        200 Clarendon Street, 27th Floor
        Boston, Massachusetts  02116
        (617) 728-7154
        timothy.blank@dechert.com

        Michael S. Shuster
        Sheron Korpus
        David G. Hille
        James T. Cain
        KASOWITZ, BENSON, TORRES
         & FRIEDMAN, LLP
        1633 Broadway
        New York, New York  10019
        (212) 506-1800

        Counsel for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to
the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies
will be sent to those indicated as non-registered participants on November 28, 2006.


        /s/ Timothy C. Blank